## WILLIAM HAUG v. H. W. GILLETT.

LIQUOR-DEALER; *Where License to be obtained; Sales by Agents.* A liquor-dealer must have a license from the city or county in which his store is kept. With such license he may send out agents and take orders in any part of the state for goods to be selected and forwarded from the stock kept in such store, and is not required to obtain a license from the authorities of each city or county in which contracts are made therefor by such agents.

### Error from Shawnee District Court.

GILLETT had judgment against *Haug* at the June Term 1873 of the district court, and *Haug* brings the case here on error. The facts and proceedings are fully stated in the opinion.

*Hanback & Johnson,* for plaintiff in error.
*Stillings & Fenlon,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: This action was originally brought by defendant in error before a justice of the peace, to secure a money judgment against the plaintiff in error on an accepted draft and a promissory note. The plaintiff in error answered by admitting that he accepted the draft, and made the note, but claimed that they were both without consideration, being for intoxicating liquors sold on credit; that the contracts under which the liquors were sold were made in the city of Topeka, and that the defendant in error (Gillett) had no license at that time from the city of Topeka to sell intoxicating liquors. Upon this issue the case went to trial, and the justice rendered judgment against Haug for the full amount of the note and draft. Haug then appealed to the district court of Shawnee county, and the case came on for trial at its June Term 1873, and was submitted to the court on the evidence, and admissions of the parties made in open court—a jury having been waived by the respective parties—on consideration whereof the court found for the plaintiff (Gillett,) and rendered judgment for him against the defendant (Haug,) for the sum of $292, to which Haug excepted and was given thirty days to make a case for the supreme court, which time was afterward extended by the court to October 11th, 1873.

It appeared from the testimony that the defendant Gillett was a wholesale liquor-dealer in the city of Leavenworth, and had a license from the mayor and council of that city to sell liquor in any quantity except by the dram, but had none from the city of Topeka; that the orders for the liquors were given by Haug in his saloon, in the city of Topeka, to Gillett, or some agent of his; that the orders were taken to Gillett's store in Leavenworth, the goods therefor selected from his stock, and shipped by rail to Haug, at Topeka, the latter paying the freight. Was there error in the ruling of the district court, and were the note and draft void, as given in consummation of a contract prohibited by statute?

The statute claimed to have been violated is § 3 of the

dramshop act, which forbids the sale of liquors by "any person without taking out and having a license as grocer, dramshop-keeper, or tavern-keeper," etc.; and it is insisted that this sale was made in Topeka, where, it is conceded, Gillett had no license, and "that under the laws of Kansas, any one having a license to sell intoxicating liquors, can only sell them within the limits of the city or township granting him the license." The proposition involved in this case is substantially that a wholesale liquor-dealer having a stock of goods and conducting business in a city from whose authorities he has received a license cannot send out agents and take orders for those goods elsewhere than in such city without first obtaining a license from the authorities of each city or county in which those orders are taken. The proposition is a broad one, and the language of the statute should be clear before such an intention is imputed to the legislature. The legislature may suppress the liquor traffic altogether, or it may impose such restrictions as it deems wise. It may restrict the sale to the county, the city, or even the building, and forbid the making of any contract therefor outside thereof; and it is the duty of this court simply to determine what restrictions it has imposed. Its enactments are, however, to be construed in the light of the general usages of society and business. The business of a wholesale dealer is carried on extensively, generally by agents — traveling-men, as they are called — who visit the different towns, and solicit orders. To recognize and license such a business, and at the same time to cut off one of the ordinary methods of carrying it on, while it is within the power of the legislature, should also be within the clear meaning of the enactments. Again, the statute is penal, and as such is to be strictly construed. Only those things are forbidden which are plainly within its terms. Counsel claim that a party licensed may sell only within the limits of the county or city granting the license. But where was the sale completed? The contract therefor was made in Topeka, but did any title pass before the goods were selected and separated from the whole stock? Clearly

not—and therefore the sale was not completed till then. The goods were selected and separated at Leavenworth, and there delivered to the carrier, to be by him forwarded to the purchaser.  At Leavenworth, then, the sale was completed, and there Gillett had a license. *Bauchor v. Warren*, 33 N. H., 183; *Boothby v. Plaisted*, 51 N. H., 436.  Nor can this be deemed a "shift or device to evade the provisions of the act." Gillett had one license, and that at the place where his store was kept.  By the first section of the act, before a licênse can be granted, a petition must be presented by the citizens of the township or city "in which such dramshop, tavern or grocery is to be *kept*."  This locates the place where the license must be had.  Gillett kept no store in Topeka, had no stock of goods there, made no delivery of goods, and passed no title there.  Clearly therefore there was no violation of the dramshop act in this transaction, and the judgment of the district court must be affirmed.

All the Justices concurring.