## S. N. WILLIAMS, *et al.*, v. B. A. FEINIMAN & CO.

1. SALES, WHERE MADE; *Order Taken by Traveling Agent.* Where a person living and doing business in another state sends his agent into this state to solicit orders for goods, and the agent here takes orders and sends them to the store of his principal, who fills the orders, and without any special arrangement as to the manner and place of delivery delivers them to the carrier in such other state to be carried at the expense of the purchaser to the latter's place of business in this state, *held*, that the place of sale is in the state where the agent's principal lives and does business.

2. ——— There is no complete sale, no transfer of title to particular goods, until they have been separated from the entire stock. Before such separation, there can be at best only a contract to sell.

### *Error from Anderson District Court.*

THIS action was originally brought before a justice of the peace to recover the price of goods sold and delivered by *B. A. Feiniman & Co.* to *Williams & Pattee.* Plaintiffs' bill of particulars shows the "goods" sold were several half-barrels of whisky, and several kegs and cases of brandy, gin, and wine, amounting to $293.97, on which defendants were credited with payments to amount of $95. The plaintiffs were wholesale liquor-dealers, residing and doing business at Kansas City, Mo. The defendants were doing business at Garnett, in this state. Answer, a general denial. The action was taken to the district court where a trial was had at the September Term 1873. The real defense interposed at the trial was, that the goods, for the price of which suit was brought, were intoxicating liquors, sold and delivered in Anderson county, Kansas, without the seller having a license as dramshop keeper or retailer of intoxicating drinks. The court gave judgment for the plaintiffs, and defendants bring the case here for review.

*J. J. & D. W. Hoffman,* for plaintiffs in error. No brief on file.

*Bergen & Kirk*, for defendants in error, contended that the sales to Williams & Pattee were made in Kansas City; that the particular goods bought were part of a large stock; that they were separated, and shipped at purchasers' risk, at Kansas City, upon which, and at which place the sale was complete, and they cited 2 Pars. Contr., 586; 3 Metc., 207; 1 Curtis, 244; 7 Foster, 244; 99 Mass., 253. The laws of this state do not attempt to make the sale of intoxicating liquors void, except the sale be made in this state, and then only when the sale is upon credit, or without license: Dram-shop Act, Gen. Stat., 402, § 14.

The opinion of the court was delivered by

BREWER, J.: This case is in all essential particulars similar to that of *Haug v. Gillett*, recently decided by this court, (ante, 140,) except that in this case the vendor resided and had his place of business outside the state. Feiniman & Co. are wholesale liquor-dealers in Kansas City, Mo., in which place they have paid all taxes required by the state or national authorities for carrying on that business. Their store and stock of goods was in that place, and they had neither store nor stock in this state. The goods for which this action was brought were sold either by orders given to a traveling agent of Feiniman & Co. at the store of plaintiffs in error in Garnett, Kansas, by orders sent by letter or telegram to the house in Kansas City, or by contract made directly between the parties in Kansas City. Where orders were taken they were subject to the approval of the firm in Kansas City, and in all cases the goods were there selected and separated from the stock of Feiniman & Co., and delivered to the carrier in Kansas City. The charges for carriage therefrom were paid by the plaintiffs in error. Clearly, there was no complete sale, no transfer of title to the particular goods, until they had been separated from the entire stock. Before such separation there was at best only a contract to sell. Now the thing forbidden by the dram-shop-act is *a sale*, not a contract

to sell.   True, its penalties reach to any gift of liquors, or any other shift or device to evade the provisions of the act; but the case here presents nothing of that nature.   It is an ordinary, straightforward business transaction, and if forbidden at all it must be because embraced within the plain prohibitions of the statute.   But as we have seen, the thing forbidden is a sale, and no sale was completed until the goods were separated and delivered to the carrier.   It is not claimed that there was any special agreement to deliver the goods at Garnett, and both the partners of Feiniman & Co. testify that they were to be delivered at the depot in Kansas City, and to be thenceforward at the risk of the purchaser.   And indeed, it is the ordinary rule, in the absence of any special agreement, that a delivery to the carrier is a delivery to the purchaser, and completes the sale. 1 Pars. on Contracts, 3d ed., 445, and notes; Hilliard on Sales, 118; *Smith v. Smith,* 7 Foster, N.H., 244; *Finch v. Mansfield,* 97 Mass., 89; *Kline v. Baker,* 99 Mass., 253.   The judgment therefore must be affirmed.

All the Justices concurring.