## MARTIN McCARTY v. JOHN GORDON.

1. LICENSE; *Sale of Liquors, Where Made; Order.* Where M., doing business in Leavenworth, upon samples there shown him by G., a wholesale liquor-dealer in St. Louis, orders a bill of liquors from G., which liquors upon such order are selected from G.'s stock of goods in St. Louis and shipped to M. at Leavenworth, *held,* that the sale was made in St. Louis, and that it was not necessary for G. to have a license to sell liquor from the authorities of Leavenworth.

2. SALE BY SAMPLE; *Place of Sale.* The fact that it was expressly agreed between the parties that, in case the liquors sent did not correspond in quality or quantity with the samples shown, and the bill ordered, M. might refuse to receive them, and might return them to St. Louis at the expense of G., will not change the place of sale to Leavenworth.

3. PAYMENT, *on General Account, Where Sales are Partly Legal and Partly Illegal.* When in an action brought by G. to recover of M.

for six barrels of whisky sold as above, no special findings of fact are made, but only a general finding for plaintiff, and where it appears from the testimony of defendant that one of such barrels was found upon arrival in Leavenworth to be inferior to the sample, and thereupon said defendant refused to receive it and notified the plaintiff thereof, and the latter requested the defendant not·to return the barrel, but to wait until plaintiff should come to Leavenworth, and that upon the coming of the latter to Leavenworth a new contract was made by which this barrel was sold and delivered to defendant in Leavenworth for less than the original price, and where it appeared from the account that the several barrels differed in the number of gallons and the price per gallon, and there was nothing to show which one of the barrels was thus sold, and where it also appeared that the defendant had made upon the account, and subsequent to the delivery of the liquors, payments more than enough to pay for any one barrel, without specifying to what such payment should be applied, *held*, that a general finding in favor of the plaintiff for the entire unpaid portion of the account would not be set aside.

*Error from Leavenworth District Court.*

ACTION by *Gordon* on an account for the sale of six barrels of whisky, amounting to ‎$547.48, on which payments had been made and credited to amount of $229.50, leaving a balance of $317.98, for which plaintiff demanded judgment. Answer, first, a general denial; second, that said sales of liquor were made in Leavenworth, and plaintiff had no license from the city of Leavenworth·authorizing the selling of liquors. Trial by the court without a jury, at the February Term 1874. Finding and judgment for plaintiff. *McCarty* brings the case here on error.

*Taylor & Gilpatrick*, for plaintiff in error.

*H. Miles Moore*, for defendant in error.

The opinion of the court was delivered by

BREWER, J.: The action below was for liquors sold and delivered by defendant in error to plaintiff. in error. The case was tried before the court without a jury. No special

findings of fact were made, and no exceptions to the intro-
duction of testimony. So that the only question presented
for our consideration is, whether the evidence is sufficient to
sustain the judgment. It appears that Gordon, the plaintiff
below, was a wholesale liquor-merchant in St. Louis; that
the liquors were sold and delivered to McCarty. The special
defense was, that plaintiff had no license to sell liquor in the
state of Kansas, and that the liquors were sold in Leaven-
worth. On the contrary, the testimony shows simply that
orders were taken in Leavenworth for the goods, which or-
ders were filled in St. Louis, and the goods shipped therefrom
to plaintiff in error. This brings the case clearly within the
cases of *Haug v. Gillett* and *Williams v. Feiniman,* heretofore
decided by this court; (14 Kas. 140, 288.) But it is said that
there is this difference, that here the goods were sold by sam-
ple, and that it was expressly agreed that the goods were not
to be received and accepted by McCarty unless they "proved
identical with the order given, in quality and in quantity,"
and that he "reserved the right to reject the liquors, so or-
dered and sent, for any deficiency in quality or quantity; and
in case of such deficiency to return the goods to plaintiff."
We cannot see that this difference is material. The express
contract was no more than the one the law would imply from
a sale by sample. It is always understood that a party pur-
chasing by sample is under no obligation to receive the goods
sent unless they correspond with the sample, and are equal
to the quantity ordered. The case of *Brothby v. Plaisted,* 51
N. H. 436, (also a liquor case,) is exactly in point, and sus-
tains the views we have expressed.

Again, it is urged that, though these principles may be
applicable to most of the account, yet as to one barrel of
whisky the circumstances of the sale make a very different
case, and show a sale in Leavenworth. It appears from the
testimony of McCarty that one barrel of whisky that was
shipped to him was inferior to the sample, and that he re-
fused to accept it, and so notified plaintiff; that upon plain-

tiff's request it was not reshipped to St. Louis, but held in Leavenworth until plaintiff came, and that plaintiff in Leavenworth made a new contract with him, and sold and delivered the whisky at twenty-five cents a gallon less than the price originally charged. Conceding, for the purposes of this case, that this shows a sale in Leavenworth, we are still constrained to sustain the judgment, and for two reasons: The account is for six barrels of whisky, each containing a different number of gallons, and at various prices per gallon. Now we are not informed by the testimony which barrel it was that was so sold, and there is nothing in the account, or the testimony, upon which we could base even a reasonable guess concerning it. Again, the defendant has paid in different sums an amount far exceeding the price of any one barrel. It does not appear that these payments were made as payments for any particular barrel, but simply on account of the entire debt. But they were so paid that no barrel was delivered without subsequent payments large enough to more than equal its price. So that if the debtor had not applied the payment to the purchase of any particular barrel, and the creditor had applied it to the payment of the one sold in Leavenworth, it would have more than paid therefor. Now in view of these facts, and inasmuch as the court made no special finding of facts, but only a general finding for plaintiff, it does not seem to us that we can hold that there is error apparent in the record.

The judgment must be affirmed.

All the Justices concurring.