M. C. GILL v. S. KAUFMAN & CO.

1. PURCHASES BY SAMPLE; *Right of Purchaser.* A purchaser by sample has the right, independent of any express agreement, to refuse to receive the goods offered if they fail to correspond with the sample.

2. ———— Hence, when liquors are sold by a wholesale liquor-dealer in Ohio, through his agent, to a party in Kansas, the fact that such right is by express agreement reserved to the purchaser, does not change what otherwise was an Ohio into a Kansas contract.

*Error from Cherokee District Court.*

ACTION on a note given by *Gill* to *Kaufman & Co.* Answer, "that said note was given for intoxicating liquors sold within the state of Kansas, in violation of the dramshop act, (ch. 35 of Gen. Stat. of 1868,) and hence said note is void." Trial at the January Term 1875, and judgment in favor of plaintiffs for $133.50, and *Gill* brings the case here on error.

*Hallowell & Anderson*, for plaintiff in error, contended that the contract of sale was a Kansas contract. So long as the vendee continues to have the right, either to object to the quantum or quality of the goods, there is no executed sale or contract. 1 Chitty on Contr. 392; Story on Contr. 376; 10

Gill v. Kaufman.

Bing. 376; 3 B. & A. 321; 20 Geo. 574; 23 Iowa, 194. And being a Kansas contract, it was illegal and void, as Kaufman & Co. had no license to sell in this state.

*W. H. Whiteman*, for defendants in error, contended that there was nothing in this case to take it out of the rule laid down by this court in *Haug v. Gillett*, 14 Kas. 140, and that the defense interposed was not good.

The opinion of the court was delivered by

BREWER, J.: This was an action on a note. The defense was, that the note was given for liquors sold in this state without a license. Kaufman & Co. were wholesale liquor-merchants in Cincinnati, Ohio. The evidence shows that the goods were sold by sample, through the agent of defendants in error, and a portion of the samples left with Gill to compare when liquors arrived. Also, that Gill was to pay freight, and if liquors did not come up to standard that defendants in error were to refund freight-money and take liquors away. Did these facts change the place of the contract, which otherwise was clearly an Ohio contract? We think not. The express agreement was no more than the one the law would imply, if nothing had been said. A purchaser by sample always has the right to refuse to receive the goods if they fail to correspond with the sample. This question has already been before us, and so decided. *McCarty v. Gordon*, ante, p. 35. See also, *Boothby v. Plaisted*, 51 New Hamp. 436.

The judgment will be affirmed.

All the Justices concurring.