· WILLIAM C. GLASS v. STEPHEN ALT.

NOTE GIVEN IN PAYMENT FOR INTOXICATING LIQUORS, *Sold Without License, When Not Collectible.* Where intoxicating liquor is sold in violation of the laws of Kansas, and a promissory note is given by the vendee to the vendor for the amount agreed to be paid for such liquor, the collection of such note cannot be enforced by the vendor against the vendee under the laws of Kansas. And it can make no difference that the vendor sold the liquor on a month's credit, and that the note was not given until the end of such month, and was then given on an extension of the time for payment still another month; nor can it make any difference that the note was dated "Kansas City, Mo.," (being in fact executed in Kansas,) and·made payable "at Kansas City Savings Bank."

*Error from Wyandotte District Court.*

ACTION by *Glass,* on a promissory note for $89. Trial at
the September Term 1874. Verdict and judgment for de-
fendant. The opinion contains a full statement of the facts.
Plaintiff *Glass* brings the case here.

*Scroggs & Bartlett,* for plaintiff.
*Cobb & Alden,* for defendant.

The opinion of the court was delivered by

VALENTINE, J.: This was an action on a promissory note.
The defendant Alt set up as a defense that the note was given
by him to the plaintiff Glass in consideration for intoxicating
liquor sold by the plaintiff to the defendant in violation of the
dramshop act. The evidence upon this subject, so far as it
is necessary to state it, is as follows: The note is dated, "Kan-
sas City, Mo., March 13th 1874," and is made payable in
thirty days "at Kansas City Savings Bank." The plaintiff
testified "that the note in suit was taken by him in full pay-
ment for a certain credit given to said defendant by him upon
the purchase of a barrel of whisky on the thirteenth day of
February 1874;" and "that the barrel of whisky sold by
plaintiff to defendant was delivered by plaintiff to defendant
in the city of Wyandotte, Kansas." The defendant testified
"that the consideration for the note sued upon was one barrel
of whisky;" "that the contract for the purchase of the barrel
of whisky was made at defendant's place of business in the
city of Wyandotte, Kansas, and that the note in suit was
actually signed by him at the same place." The plaintiff
offered to prove "that he held a license from the United States
government, and from the City of Kansas, state of Missouri,
as a wholesale liquor-dealer in said City of Kansas," but the
court excluded the evidence. There was no claim or pretense
that the plaintiff ever had any license to sell intoxicating
liquors in Kansas, and there was no evidence tending to show

that said barrel of whisky had ever been anywhere else except in Wyandotte, Kansas. The jury found a general verdict in favor of the defendant and against the plaintiff; and also, in answer to the following interrogatory, responded in the affirmative, to-wit:

"Was the consideration of the note sued on, a sale made within this state of a quantity of whisky by said plaintiff to defendant previous to the giving of said note without said plaintiff first taking out and having a license as grocer, dram-shop-keeper, or tavern-keeper, as provided by the statutes of the state of Kansas in cases made and provided?" *Answer*, "Yes."

It will be seen from the foregoing, that this case falls within the decision made in the case of *Dolson v. Hope*, 7 Kas. 161, and not within the decisions made in the cases of *Haug v. Gillett*, 14 Kas. 140; *Williams v. Feiniman*, 14 Kas. 288; *McCarty v. Gordon*, 16 Kas. 35; *Gill v. Kaufman*, 16 Kas. 571, and *Snider v. Koehler*, ante, 432. The sale in this case was clearly a Kansas sale, and the plaintiff had no license to sell intoxicating liquors in Kansas, and therefore the plaintiff cannot recover. And it can make no difference that the plaintiff sold the liquor on a month's credit, and that the note was not given until the end of such month, and was then given on the extension of time for the payment of the debt still another month; nor can it make any difference that the note was dated "Kansas City, Mo.," (being in fact executed in Kansas,) and made payable "at Kansas City Savings Bank." The debt for which it was given was, according to the evidence and findings, created in violation of the laws of Kansas, and therefore the courts of Kansas cannot be invoked to aid in its collection. Such note cannot be collected under the laws of Kansas.

The judgment of the court below must be affirmed.

BREWER, J., concurring.

HORTON, C. J., not sitting in this case.