# BIXLEY v. SHARP.

No. 4079.  Opinion Filed January 26. 1915.

PARTNERSHIP—Fictitious    Copartnership — Interstate    Transac-
tions.  Under section 2444, Comp. Laws 1909 (section 2700, Rev.
Laws, 1910), every person transacting business under'a firm
name in which the designation "and company" or "& Co." is
used, without representing an actual partnership, except in the
cases in which the continued use of a copartnership is author-
ized by law, is guilty of a misdemeanor.  **Held,** that where an
individual is transacting business in the state of Ohio under
the trade name'of the Continental Jewelry Company, and tak-
ing orders within this state, but which orders are to be accepted
and goods delivered in the state of Ohio, section 2444, **supra,** has
no application, and the court improperly sustained a demurrer
to the petition.

(Syllabus by Rittenhouse, C.)

*Error from the County Court, Creek County;*

*Warren H. Brown, Judge.*

Action by Miles B. Bixley, doing business as the Continental
Jewelry Company, against J. L. Sharp. Judgment for defendant,
and plaintiff brings error. Reversed and remanded.

*J. T. Smith* and *W. G. Fairchild,* for plaintiff in error.

*J. H. McClanahan,* for defendant in error.

Opinion by RITTENHOUSE, C. This action was instituted
by Miles B. Bixley, doing business under the trade name of the
Continental Jewelry Company, against J. L. Sharp.  It is alleged
in the petition that on May 9, 1911, the defendant made and
entered into a written contract with the plaintiff whereby the
defendant purchased jewelry of the plaintiff to the amount of
$192.  Attached to the petition is a copy of the contract, which
provides that the authority of the agent is limited to taking orders
subject to the acceptance of the Continental Jewelry Company
at Cleveland, Ohio, and that a delivery to the transportation com-
pany would constitute a delivery to the purchaser.  This con-

tract bears the endorsement "Accepted May 12, 1911, Continental Jewelry Co." The defendant filed a demurrer, which was sustained by the court, and the cause brought here for review.

It is argued that inasmuch as the contract was entered into in the name of the Continental Jewelry Company, and as this was a trade name adopted by Miles B. Bixley, the contract would be void under section 2444, Comp. Laws 1909 (sec 2700, Rev. Laws 1910). Said section reads as follows:

"Every person transacting business in the name of a person as a partner who is not interested in his firm, or transacting business under a firm name in which the designation 'and company' or '& Co.' is used, without representing an actual partner, except in the cases in which the continued use of a copartnership is authorized by law, is guilty of a misdemeanor."

It is contended that the plaintiff in entering into the contract in question brought himself within this section, in that he was transacting business within this state under a trade name in which a designation of "and company" or "& Co." was used, without representing an actual partnership, and that therefore the contract was void. It will be readily observed from an examination of the facts in this case that Miles B. Bixley was transacting business in Cleveland, Ohio, under the trade name of the Continental Jewelry Company; that he took orders within the state of Oklahoma, but such orders were to be forwarded to him at Cleveland, Ohio, for acceptance or rejection. The contract bears the endorsement of an acceptance by the Continental Jewelry Company. There is nothing in the record which indicates in the slightest degree that Miles B. Bixley, doing business under the trade name of the Continental Jewelry Company, was transacting business within this state, but the contract specifically provides that its acceptance shall be at Cleveland, Ohio, and that a delivery of the goods to the transportation company shall be considered a delivery to the purchaser.

The place of sale in the instant case was Cleveland, Ohio, for it was at this point that the order was accepted by the Con-

tinental Jewelry Company and that the goods were delivered. Under this state of facts the laws of the state of Ohio would apply, and not section 2444, *supra. Lodwick Lumber Co. v. Butts Lumber Co.*, 35 Okla. 797, 131 Pac. 917; *Richardson v. Shelby*, 3 Okla. 68, 41 Pac. 378; *Jaffray et al. v. Wolf et al.*, 4 Okla. 303, 47 Pac. 496; *Gill v. Kaufman*, 16 Kan. 571; *Williams v. Feiniman*, 14 Kan. 288; *Bledsoe & Son v. Young Supply Co., ante*, 145 Pac. 1125.

The cause should be reversed and remanded.

By the Court: It is so ordered.