## STAPLETON MOTOR SALES CO. v. OATES et al.

No. 13189—Opinion Filed Sept. 16, 1924.

Rehearing Denied April 7, 1925.

### 1. Brokers — Action for Commission — Incompetent Evidence—Cure of Error.

It is not error of the trial court, requiring a reversal of the judgment for plaintiffs, to permit the plaintiff to testify as to information received from one of the defendant's salesmen about what terms he might make to assist in selling motor trucks on commission, although the salesman had no authority to speak for his employer, where it is further shown by plaintiffs that the contract to assist in selling motor trucks was made with defendant's president and general manager upon the terms and conditions indicated by defendant's salesman.

### 2. Evidence—Parol Evidence of Lost Telegram.

It is not error of the trial court, requiring a reversal of the judgment for plaintiffs, where the plaintiff is permitted to testify as to his recollection of the substance of telegrams exchanged without production of the original telegrams, where it is satisfactorily shown that plaintiffs are not in possession of the originals, and that they cannot be procured for the reason that they cannot be found and have probably been destroyed by the transmitting company.

### 3. Brokers — Action for Commission—Evidence.

Where the plaintiffs' evidence tended to show that a contract had been made between the plaintiffs and defendant for plaintiffs to assist in selling motor trucks on commission, with the understanding that a salesman would be sent to assist the plaintiff in closing the deal and plaintiffs found a prospective buyer, wired defendant for a salesman to close the deal, the defendant answered that a man was being sent, and the man sent reported to plaintiff and by them was put in touch with the prospective buyer and a sale was made of a number of trucks, it was not error of the trial court, requiring a reversal of the plaintiffs' judgment, to permit the plaintiff to testify as to what the party sent had told him as to the number of trucks sold and the price for which they were sold.

### 4. Trial—Demurrer to Evidence—Motion to Direct Verdict—Sufficiency of Plaintiff's Evidence.

Where the plaintiffs' evidence reasonably tends to support the allegations of their petition, and would reasonably support a verdict and judgment for the plaintiffs, it is not error of the trial court to overrule defendant's demurrer to the plaintiffs' evidence, nor to refuse to direct a verdict for the defendant, nor to render judgment for plaintiffs upon the verdict of the jury returned for plaintiffs.

### 5. Judgment — Judgment Notwithstanding Verdict.

A party is not entitled to a judgment notwithstanding the verdict of the jury, unless (1) such party was entitled to a judgment upon the pleadings on file, or (2) where a special interrogatory has been propounded to the jury and answered by the jury contrary to the general verdict returned in favor of the opposing party. Hanna v. Gregg, 92 Okla. 34, 217 Pac. 434.

### 6. Partnership—Statute as to Fictitious Partnerships — When Inapplicable to Foreign Firm.

Section 8141, Comp. Stats. 1921, requiring parties doing business in this state under a fictitious partnership name, to file a certificate disclosing the names of the partners and their places of residence, and publish notice, has no application to foreign partnerships doing business in another state for a resident corporation, and it is not error of the trial court to exclude evidence that the certificate required by the said section was not filed or the notice published.

### 7. Judgment Sustained.

Record examined; and held, that the evidence offered upon the part of the plaintiffs reasonably tended to support the allegations of their petition, the verdict of the

jury for the plaintiffs, and the judgment rendered thereon by the trial court; and held, that the defendant was not denied any substantial right upon the trial of the cause; and held, that the judgment should be affirmed.

(Syllabus by Shackelford, C.)

Commissioners' Opinion, Division No. 4.

**Error** from District Court, Oklahoma County; Hal Johnson, Assigned Judge.

Action by Fay P. Oates and H. D. Oates against Stapleton Motor Sales Company, a corporation, for commission on sale of certain motor trucks. Judgment for plaintiffs, and defendant appeals. Affirmed.

Harris, Spielman, Thomas & Harris, for plaintiff in error.

T. G. Chambers, Jr., for defendants in error.

Opinion by SHACKELFORD, C. The defendants in error were the plaintiffs below, and the plaintiff in error was the defendant; and for convenience the parties will be referred to herein as plaintiffs and defendant, as they appeared in the trial court.

The plaintiffs allege in their petition that they are partners, and residents of the state of Texas; that on or about the 13th day of April, 1919, they made a contract with the defendant to sell and assist in selling Duplex motor trucks in the vicinity of Albany, Tex.; that they were to have as commission ten per cent. of the sale price of such trucks as might be sold through their aid; that they found a buyer and assisted in making the sale of three trucks to the Texas Rig Builders Company in the month of June, 1919, at $12,750 for the bunch, and were entitled to $1,275 as commission on the sale; that in the latter part of June, 1919, they located Swanson-Dale Oil Company as a prospective buyer of Duplex trucks, and assisted in making the sale of four trucks to that company for the sum of $17,000, and are entitled to a commission of $1,700—both commissions totaling the sum of $2,975, which is due and no part of it has been paid; and pray judgment.

The defendant filed a general demurrer, which was overruled, and afterwards answered by general denial, and by a plea of former adjudication, and by specific denial that any contractual relation existed between the plaintiffs and defendant for commission on the sale of motor trucks, and by affirmative allegation that if any such contractual relation ever existed, it had been rescinded and revoked prior to the sale of the trucks on which commission is claimed.

The cause was tried to a jury, resulting in a verdict and judgment for plaintiffs in the sum of $2,975, with interest at the rate of six per cent. from and after July 1, 1919, and for costs. The defendant prosecutes appeal.

The propositions argued in the brief are: (1) The court erred in admitting incompetent evidence offered by the plaintiffs; (2) the court erred in overruling the defendant's demurrer to the plaintiffs' evidence; (3) the court erred in refusing to instruct a verdict for the defendant, and in not rendering judgment for defendant notwithstanding the verdict, and in rendering judgment for plaintiffs on the verdict; (4) the judgment is excessive; (5) the court erred in refusing to give the defendant's requested instruction No. 7; (6) the court erred in refusing to admit competent evidence offered by defendant.

The plaintiff H. D. Oates was permitted to testify over the objection of the defendant to a conversation had with John Coberg, who the witness said was a salesman for the defendant. He testified that Coberg told him that he (Coberg) could show plaintiff where he could make some money selling motor trucks, and to the effect that plaintiffs would be allowed a commission on the sale of trucks amounting to ten per cent. where they found a buyer and assisted in making the sale; and 20 per cent. where they made the sale themselves; and that if the plaintiffs needed help a salesman would be sent. This line of testimony was objected to on the ground that it had not been shown that Coberg had authority to speak for the defendant, and was admitted over the objection of the defendant, on the offer and promise of plaintiffs to follow it up and bring it home to the defendant. H. D. Oates testified, further, that he talked to Mr. Stapleton, president and general manager of the Stapleton Motor Sales Company, the defendant, and Mr. Stapleton confirmed what had been told him by Coberg. Thus it appears that the witness first learned from Coberg that he could make an arrangement selling or helping sell trucks for defendant; and the statement of Coberg was confirmed by Stapleton, according to the witness. We think there was no prejudicial error committed in allowing the plaintiff to tell what Coberg had told him. Plaintiffs were not relying on Coberg's statement for their authority to sell and assist in selling motor trucks. The contract between plaintiffs and defendant was made with the president and general manager of the defendant company, if any such contract was made, and not with Co-

berg, who was one of the defendant's salesmen. It seems that the statement from Mr. Coberg amounted to information to the plaintiff that such an arrangement could be made but the deal was made with Stapleton, defendant's president and general manager. This case is to be distinguished from the class of cases like Chickasha Cotton Oil Co. v. Lamb & Tyner, 28 Okla.: 275, 114 Pac. 333. In the above case the sole and only evidence of employment was that the messenger came for the doctors, and the doctors, or one of them, testified that the messenger said he was sent by the manager of the company. It was held that the evidence of what the messenger told the doctor was not competent and hence no employment was proven, and a recovery could not be upheld. In this case the contract was made with the president and general manager of the defendant, according to the plaintiffs.

The plaintiff was further permitted to testify that after finding the Swanson-Dale Oil Company was in the market for trucks, he sent a telegram to the defendant, which was answered, and was then permitted to testify as to the substance of the telegrams without producing the originals. The testimony was objected to as not the best evidence. The record discloses that these telegrams were sent sometime in the summer of 1919, and the case was being tried in November, 1921. It was shown that the telegraph company keeps the originals of telegrams received, and copies of those delivered, for one year, and they are then destroyed, so it would appear that neither the originals nor copies were available. The witness testified that he had destroyed the copy received by him. It seems that the recollection of the witness was the best available evidence of the contents of the telegrams. He stated that he had telegraphed the defendant for a salesman to help close the deal, and the answer was to the effect that defendant was sending a salesman. It was not disputed that such was in substance the contents of the two telegrams. It was not error to permit the witness to testify as to the substance of the telegrams, from his knowledge, when neither the originals nor copies were available, and the inability to produce them had been shown. The witness further testified that the arrangement was that if the plaintiffs needed a man to close up the sale, a salesman would be sent, and that the man came in response to the call for assistance, and a sale was made to the Swanson-Dale Oil Company of the number and at the price alleged. The plaintiff testified, over the objection of the defendant, that he learned from the man who was sent how many trucks were sold to this purchaser, and we do not find that the information furnished was denied or in any way disputed. The proof tended to show that an arrangement was made between plaintiffs and defendant that they should assist in selling motor trucks on commission, with the understanding that if plaintiffs needed a salesman to assist in closing up the deal, such assistance would be sent. The plaintiffs found a buyer, telegraphed for the assistance, the telegram was answered by the defendant that a salesman was coming, he came, called on plaintiffs, got in touch with the buyer, and a sale was made of four trucks; the information was furnished to plaintiffs by the man Jackson, who was sent to make and who did make the sale. In that situation it was not error for the court to permit tne plaintiff to testify about what the salesman, who was sent there, said about the number of trucks he had sold. There seems to have been no error in permitting the introduction of plaintiffs' evidence complained of here, that would warrant or require a reversal of the judgment.

The defendant complains that the court overruled the defendant's demurrer to plaintiffs' evidence. The evidence on the part of the plaintiffs tended to show that a contract was made between the plaintiffs and the defendant, to sell and assist in selling Duplex motor trucks, upon a commission of ten per cent. where plaintiffs found a buyer and was furnished a salesman to close the sale; they found buyers, assisted in making the sale of four trucks to one buyer for $17,000, three trucks to another buyer for $12,750; that the aggregate of commission was $2,975, none of which had been paid, and all of which was due. It has been repeatedly held by this court that where there is any competent evidence offered by the plaintiff, which would reasonably tend to establish the allegations of the plaintiffs' petition, and support a verdict and judgment for the plaintiffs, it is not error to overrule a demurrer to the plaintiffs' evidence, or to refuse to give the jury a direction to return a verdict for the defendant. The plaintiffs have proven facts sufficient to support the allegations of their petition and to establish their right to the commission claimed on the sale of the motor trucks. It was not error to overrule the defendant's demurrer to the plaintiffs' evidence, nor to refuse to instruct a verdict for the defendant.

The defendant also contends that the court erred in not rendering judgment for the defendant notwithstanding the verdict. There seems to have been no special interrogatories submitted to the jury, and there

seems to have been no motion filed for a judgment notwithstanding the verdict. It was held in Hanna v. Gregg, 92 Okla. 34, 217 Pac. 434, that one or the other of two conditions must prevail before a party would be entitled to a judgment notwithstanding the verdict: (1) Where a party is entitled to a judgment upon the pleadings, and (2) where a special interrogatory was answered contrary to the general verdict. Neither condition prevails here. The contention cannot be maintained.

It is contended that the verdict is excessive and should be set aside for that reason. The defendant contends that even if the plaintiffs did have a contract with the defendant to assist in selling motor trucks in their section of Texas, the agency was revoked by a telegram sent by the defendant to plaintiffs dated July 17, 1919, in which plaintiffs were advised that defendant no longer had control of the territory in and around Albany, Texas, where plaintiffs lived, but that that section of country was controlled by Stapleton-Brown Company of Fort Worth, Tex.; and further contends that the sale made to the Texas Rig Builders Company was made after that date, and therefore plaintiffs were not entitled to commission of $1,275 on that sale. The testimony shows that Mr. Stapleton of the Stapleton Motor Sales Company, of Oklahoma City, is the same Mr. Stapleton of Stapleton-Brown Company of Fort Worth, Tex. The testimony as to when the sale was initiated with the Texas Rig Builders Company is unsatisfactory and inconclusive, the testimony of the plaintiffs tending to show that it was before, and the testimony of defendant tending to show that it was after the telegram revoking the agency was sent. There was enough conflicting evidence to make it a question of fact for the jury, and the question was properly submitted to the jury, and their verdict was for plaintiffs, settling the dispute upon that point.

The defendant complains that the trial court refused to give its requested instruction No. 7, which is as follows:

"You are further instructed that under the facts in this case, the defendant will not be liable for any service performed by said plaintiffs for the sale of trucks after notification by said defendant to the plaintiffs, or either of them, that said defendant would not sell trucks in the state of Texas."

This instruction was marked number "7" in defendant's requested instructions, and is marked "refused." In the court's instructions, and in paragraph marked "12", the court gave the jury an instruction in the self-same language, word for word. We see no occasion for complaint about the refusal of requested instruction No. 7, when exactly the same language was used in instruction No. 12 of the court's instruction.

The defendant assigns as error that the court excluded certain competent evidence offered by it upon the trial. It is a little difficult to tell from the record whether the exception was reserved to the exclusion of the evidence, or to the ruling of the court in overruling the defendant's motion to abate the cause. The defendant offered to show that the plaintiffs were doing business under the name of O. K. Truck Company, and in the offer was also a motion to abate the proceeding until such time as the plaintiffs should comply with section 8141, Comp. Stats. 1921, which requires filing of a certificate stating the names of the partners and principal places of business, and the residence of the partners, publishing notice, etc. Some evidence was admitted tending to show that Mr. and Mrs. Oates, the plaintiffs, were doing business in their locality as O. K. Truck Company. The question was asked as to whether the O. K. Truck Company was being organized to go down into Texas and do business, and an objection was sustained. The evidence was that the contract to sell or assist in selling trucks was with Mr. and Mrs. Oates as individuals. It is not claimed that the contract was made in the name of O. K. Truck Company, or that they ever held themselves out in Oklahoma as the O. K. Truck Company. There was no offer made to prove that the contract was made with them in that name, or that they were operating in Oklahoma as the O. K. Truck Company. The suit was brought in the name of Mr. and Mrs. Oates, as partners, and the proof shows that the business was transacted in and about the vicinity of Albany, Tex. The act referred to, in effect, requires that the certificate be filed and notice given by fictitious partnerships doing business in this state. In Swope et al. v. Burnham et al., 6 Okla. 736, 52 Pac. 925, and in Bixley v. Sharp, 44 Okla. 651, 146 Pac. 21, it was held that this section has no application to foreign partnerships. It may be that the plaintiffs did a transfer and trucking business in and around Albany, Tex., as O. K. Truck Company, but it is not shown nor offered to be shown that defendant had any dealing with these people as O. K. Truck Company, or that they did any class of business with anybody else in Oklahoma as the O. K. Truck Company. The business which Mr. and Mrs. Oates did in assisting the defendant to sell trucks was not connected in any way with their regu-

lar business of transfering and trucking, so far as we are able to observe from the record here presented, and there was no offer made to show that it was, and no such contention is presented by the defendant. The statute relied upon by the defendant has no application to the situation presented here, and the trial court did not err in excluding the evidence offered, nor in refusing to sustain the motion to abate the action until such time as plaintiffs complied with the statute, by filing a certificate and giving the notice required by section 8141. supra.

We have carefully examined all the contentions made by the defendant in the light of the record here presented. There is little dispute about the right of the plaintiffs to assist defendant to sell trucks upon the commission basis contended for by plaintiffs. If the matter could be said to be in dispute, it was settled by the verdict of the jury. The only serious contention made is that the plaintiffs were not entitled to the amount claimed upon the last sale of trucks, for the reason that the agency was revoked before the deal was initiated by the plaintiffs. The evidence upon that proposition was such that the jury might have found either way, and the finding be reasonably supported by the evidence. The question was properly submitted to the jury by the instructions given, and the verdict was for the plaintiffs, and the verdict being reasonably supported by the evidence, the appellate court is not authorized to overturn it by setting the judgment aside There appears to be no error disclosed by the record requiring or authorizing a reversal of the judgment. The defendant was not denied any substantial right upon the trial, and the cause was properly submitted to the jury by the instructions given by the trial judge.

We recommend that the judgment be affirmed.

By the Court: It is so ordered.