## PYLE v. HOOD.

No. 17628. Opinion Filed Sept. 27, 1927.

Rehearing Denied Jan. 10, 1928.

(Syllabus.)

1. **Partnership—Fictitious Firm Names— Statute Inapplicable to Foreign Firm Without Place of Business in State.**

Section 8141, C. O. S. 1921, provides that every partnership transacting business in this state under a fictitious name, or designation not showing the names of the persons interested as partners in such business, must file with the clerk of the district court of the county or subdivision in which the principal place of business is stated, a certificate stating the names in full of the members of such partnership and their place of residence, and publish the same once a week for four consecutive weeks in a newspaper published in the county; and section 8143 further provides that persons doing business as partners contrary to the foregoing section shall not maintain any action on or on account of any contract made or transaction had in their partnership name in any court of this state until they have complied with the requirements of section 8141, supra. It is held that these sections are not applicable to a concern, though it be a partnership having a fictitious name, which has its office and place of business in another state, transacts its business by correspondence or occasional visits of one of its members to this state, buying a commodity in carlots and shipping to points without the state, and is not alleged to have nor in any way shown by the testimony to have any place of business within this state.

2. **Pleading—Discretion in Allowance of Trial Amendments and Denying Continuance to Adverse Party.**

The court, in its discretion, may permit the plaintiff in an action to amend his petition during the course of the trial, and does not err in allowing this to be done over the objection of the defendant, nor err in denying the defendant a continuance on account thereof where it does not appear that the action of the court was prejudicial to the rights of defendant.

3. **Trial—Refusal of Requested Instructions Where General Charge Sufficient.**

In the trial of an action wherein the general charge of the court properly stated all the law necessary for the jury to have in arriving at a verdict in the case, it was not error to refuse special charges requested by the defendant.

4. **Appeal and Error—Verdict on Conflicting Evidence not Disturbed.**

The verdict of the jury upon conflicting testimony will not be disturbed by this court. Evidence examined, and found sufficient to sustain the verdict in this case.

Commissioners' Opinion, Division No. 1.

Error from District Court, Garvin County; A. C. Barrett, Judge.

Action by V. R. Hood, doing business as the San Antonio Pecan Shelling Company, against E. C. Pyle. Judgment for plaintiff, and defendant brings error. Affirmed.

Bowling & Farmer, for plaintiff in error.

Blanton, Osborn & Curtis, and Brown, Brown & Williams, for defendant in error.

REID, C. The parties appear here as they did in the trial court, and will be so referred to in this opinion.

On the 3rd day of December, 1923, V. R. Hood entered into a written contract in the name of the San Antonio Pecan Shelling Company, by Hood, with the defendant, at Pauls Valley, Okla., in which it was agreed that the plaintiff would purchase from the defendant a car of pecans to be shipped by December 17, 1923, at 11¾ cents a pound, and a car to be shipped by December 31, 1923, at 12 cents a pound f. o. b. shipping point, which was agreed to be either in Pauls Valley or Marietta district. By correspondence between the parties, the time of delivery was extended to January 15th, and January 31, 1924, respectively. The pecans were not delivered nor offered for delivery at any time within the agreed extension, and the purchaser brought this action to recover his damage.

Upon a trial of the case recovery was had by the plaintiff, and the defendant brings the case here for review upon several propositions.

It would appear that the first question for our consideration is the assignment of error predicated upon the proposition that the plaintiff cannot maintain this action for the reason that he was transacting business in this state under a fictitious name, that is, in the name of the San Antonio Pecan Shelling Company, in violation of section 8141, C. O. S. 1921, which is as follows:

"Except as otherwise provided in the next section, every partnership transacting business in this state under a fictitious name, or a designation not showing the names of the persons interested as partners in such business, must file with the clerk of the district court of the county or subdivision in which its principal place of business is stated, a certificate, stating the names in full of all the members of such partnership, and their places of residence, and publish

the same once a week for four successive weeks, in a newspaper published in the county, if there be one, and if there be none in such county, then in a newspaper published in an adjoining county."

And section 8143, O. O. S. 1921, which further provides that persons doing business as partners contrary to the foregoing section shall not maintain any action on or on account of any contract made or transactions had in their partnership name in any court in this state, until they have first made, filed and published the certificate as required.

The plaintiff testified that he was the only party who owned or ever had any interest in this business; that it was simply his trading name, and was never at any time a partnership, and it is urged by the plaintiff that the statute has no application to this case under the decisions of this court in the cases of Katterhenry et al. v. Williamson, 78 Okla. 221, 190 Pac. 404; Stapleton Motor Sales Co. v. Oates et al., 109 Okla. 173, 235 Pac. 513.

However, upon that question the defendant introduced in evidence a certified copy of an affidavit which was filed by the plaintiff in Bexar county, Tex., in compliance with the law of that state showing that another party was interested with him in such business. It might be said that this made an issue as to whether a partnership in fact existed, but with our view of the case we do not think that it was material whether there was a partnership. The only question necessary to be decided under this assignment is whether the plaintiff was transacting business within this state, within the meaning of section 8141, supra, for the reason that if he was not he does not come within the operation of section 8143, supra, and can maintain this action.

The evidence in this case discloses that the plaintiff lived in San Antonio, Tex., where he had an office and from which he transacted considerable business; that he came to Oklahoma from San Antonio, and made this contract at Pauls Valley with the defendant; that he bought some other pecans in Oklahoma, shipped them out of the state, and that he intended to ship the pecans he bought from the defendant either to St. Louis, Chicago and New York, or to San Antonio, where he has a shelling business.

The evidence is clear that the plaintiff never intended to resell these pecans in the state of Oklahoma, if they had been delivered to him, and that he has never bought and sold within this state; but that all

bought here by him have been transported to places outside of the state of Oklahoma. He never maintained any offices, so far as this proof shows, within this state, and his business, which was not conducted by correspondence from his San Antonio office, has been done by an occasional trip to this state.

Under this state of facts was he transacting business within this state within the meaning of the foregoing statute? This question has been so well stated and answered by this court in the case of Swope & Son v. Burnham, Hanna, Munger & Co., 6 Okla. 736, 52 Pac. 924, that we find it only necessary to call attention to what was there said as follows:

"The entire section—all that is therein stated—must be read and considered together in determining what the section means. The language of the first portion of the section is broad and comprehensive, and, with the exception omitted, would seem to comprehend every partnership which transacts business in this Territory in a name in which all the members of the partnership do not appear. But this must be read in connection with the further requirement that the partnership must file the certificate with the clerk of the district court of the county 'in which its principal place of business is stated:' and would seem to us to mean that the partnerships which the Legislature had in mind, when enacting this section, were those which had an establishment, a place of business, or one or more places of business, in this Territory. for there could be no 'principal place of business' if there was not some place of business and it certainly was not intended that the 'principal place of business' should be stated in the certificate, if one did not exist in fact. The section does not require that a partnership doing business here shall have a place of business in the Territory, as some statutes, in principle like this, do; but the requirement is that the certificate must be filed in the county where the principal place of business is stated in the certificate to be. Even as to partnerships which have an established place of business in the Territory, and are thereby brought under the provisions of this section, it is not required that all or any of the partners should be residents of the Territory, or that a deposit should be made, or any bond or other security given, or that they should appoint an agent who is a resident of this Territory, upon whom process could be served in actions against the partnerships; and in this respect, also, the section is quite different from the provisions of this character in many of the states."

It is true that the above decision comes to us from the early cases of this jurisdiction, but this court has never announced

any rule at variance with the principles therein so clearly defined. No later decision is so squarely in point with the present case, and we must consider it the applicable authority and as fully sufficient for this opinion.

Conceding that this was a partnership composed of the plaintiff and M. H. Clark, as contended by defendant, the plaintiff could have made the affidavit as to the members of the partnership, but under the facts presented by the record in this case, he could not fully comply with the above section, because it required him to file this affidavit with the clerk of the district court of the county where the principal place of business is stated in the affidavit to be. This latter requirement as to place of filing indicates that the affidavit must designate the principal place of business. There is no testimony showing that he had a place of business in this state, principal or otherwise. The testimony, as we find it, is to the effect that his place of business was in San Antonio, Tex. It follows that the plaintiff had a right to maintain this action.

The plaintiff in his original petition alleged that the cars were to be delivered on the 17th day of December and 31st day of December, 1923, respectively, and during the trial the court permitted him to amend his petition over the objection of the defendant to allege that the dates of delivery were extended to January 15th and January 31, 1924, respectively. The defendant thereupon moved for a continuance and same was refused by the court. To allow this amendment was within the discretion of the court, and there is nothing in the record to show that the defendant was prejudiced by this action or by the refusal of the court to grant him a continuance; therefore, the same was not error.

The defendant assigns as error certain parts of the charge given by the court, and also assigns as error the failure to give certain requested instructions. The court well stated the issues as made by the pleadings, and we think correctly assumed that the defendant had failed to comply with his contract, and submitted to them the measure of damage in the following language:

"If you find from the evidence in the case that at the time and place at which said deliveries were to be made under the terms of the contract, or under subsequent contracts entered into by the parties changing the time of delivery, the market value of said pecans was greater than the contract price, then you should find for the plaintiff in the sum of the difference between said contract price and the market value of said times at place of delivery. If you find that at said times for delivery the price was no greater in the market at Pauls Valley than the contract price, the plaintiff would be entitled only to nominal damages."

Without discussing the special charges offered, in detail, it is sufficient for us to say that the charge given by the court properly stated all the law by which the jury should have been governed in arriving at a verdict in this case.

It therefore appears that the trial court did not err in its charge, nor in refusing defendant's special charges.

The plaintiff next asserts that the evidence does not sustain the verdict, and the sole question to be determined under this assignment is, whether the market price of pecans was in excess of the agreed prices at the time and places the two cars were to be delivered, respectively. It is not necessary for us to rehearse the testimony of witnesses upon this question. The testimony of the witnesses for the plaintiff showed the pecans were worth more, and those of the defendant were equally as sure that they were worth about as much, or less, than the plaintiff had contracted to pay. It was the province of the jury to weigh this conflicting testimony, and they have found against the defendant. We think the evidence sustains a judgment for the amount recovered.

Having considered in detail all propositions presented in plaintiff's brief, and examined the questions raised by the other assignments, and finding no error in the proceedings of the trial court, the case should be affirmed.

And the plaintiff having incorporated in his brief a motion for judgment on the supersedeas bond as authorized by Rule 11 of this court, it is the further order and judgment of this court that plaintiff, V. R. Hood, doing business as the San Antonio Pecan Shelling Company, do have and recover from the United States Fidelity & Guaranty Company, a corporation, surety upon the supersedeas bond of the defendant, E. C. Pyle, the sum of $900 with interest thereon at the rate of six per cent. per annum from the 16 day of January, 1926, together with all cost of this action, and that execution be awarded by the trial court for the collection thereof, after the mandate is spread of record. It is so ordered.

BENNETT, TEEHEE, LEACH, and FOSTER, Commissioners, concur.

By the Court: It is so ordered.