**KELLY v. WATKINS, Ex'r, et al.**

No. 23054. Jan. 8, 1935.

J. L. Vertrees and Anderson & Anderson, for plaintiff in error.

Guy Green and W. Y. Dilley, for defendants in error.

PER CURIAM. The parties to this action will be referred to herein as they appeared in the court below.

On June 20, 1930, plaintiffs Milo D. Watkins, executor, and Flora E. Watkins, executrix, of the estate of Fred E. Watkins, deceased; R. E. Schoolfield, Mary Treda Schoolfield, and Paul Cotner filed their action in the district court of Jefferson county against the defendants E. J. Kelly, T. B. Kelly, R. L. Gibson, and E. B. Ellis, praying judgment against them for the sum of $300 per year for each of the years 1922 to and including 1929, with interest at the rate of 6 per cent. per annum on each $300 from the end of each year, claiming that said sums were due them as the reasonable rental value of approximately 120 acres of land; that defendants had wrongfully deprived the plaintiffs of the use and enjoyment of said land for said years; and praying for the further sum of $500 for alleged waste that had been committed by the removal of buildings from said land.

The controversy arose over the possession and title of said real estate, and was commenced July 31, 1920, when Fred E. Watkins, now deceased, and plaintiff Paul Cotner filed an action in the district court of Jefferson county against E. J. Kelly and others in ejectment for possession of said real estate and for rents and damages. This action resulted in a judgment in favor of Watkins and Cotner for the possession of

the land and for the sum of $298.15 as the rental value thereof. From this judgment defendant Kelly appealed to the Supreme Court, which court affirmed the judgment in October, 1924. Kelly v. Watkins, 105 Okla. 116, 231 P. 873. Kelly attempted to appeal further to the Supreme Court of the United States, but was denied a writ of error therein. Thereafter, in December of 1927, defendant Kelly filed in the original suit what was termed an occupying claimant's petition, praying for stay of execution of said judgment and valuation of the improvements made by Kelly. This petition was denied by the district court, from which Kelly appealed again to the Supreme Court of Oklahoma. That court, in October of 1928, affirmed the district court. Kelly v. Watkins, 135 Okla. 276, 276 P. 191. From that decision Kelly attempted to appeal to the Supreme Court of the United States, but was again denied a writ of error, after which he paid the money judgment obtained in the original action, and on January 1, 1930, delivered over possession of the land, which he had withheld until that time. Then the instant case was filed upon the various supersedeas bonds to collect the rents and damages accruing during the nine years covered by this litigation. In the meantime, Fred Watkins had died, and his part of the controversy was carried on by his executors until after his estate was settled, when his beneficiaries, Milo D. and Flora E. Watkins and Florence E. Love, were substituted for them as plaintiffs. Cotner had sold his interest to plaintiffs Schoolfield.

During the trial, plaintiffs dismissed as to all of the defendants except E. J. Kelly, who was the principal signer of all the bonds. The case was tried to a jury which rendered a verdict in favor of plaintiffs and against Kelly for $120 per year for the years 1922, 1923, and 1924, with interest at 6 per cent. on each $120 from the end of the year for which it was owing, and $145 for each of the years 1925, to and including 1929, with interest at 6 per cent. on each $145 from the end of each year for which it was owing, and the further sum of $181.25 as the value of the improvements removed from the premises by defendant Kelly. All of said items with interest to the time of judgment amounted to $1,573.09.

Judgment conforming to the verdict was rendered by the court, motion for new trial was duly filed and overruled, and the case was brought here by defendant Kelly for review.

Numerous assignments of error are set forth in the petition in error, but defendant's brief specifically restricts our consideration to only two of them:

"(1) The court erred in admitting incompetent, irrelevant and immaterial evidence, over the objection of the defendant, to which action of the court the defendant excepted.

"(2) The court erred in permitting the plaintiffs to make a trial amendment to their petition, alleging that defendant's withholding of the land from plaintiffs was malicious and oppressive, for the reason that the defendant was not prepared to meet such an issue in the case, there being no such issue in the case before the amendment was made, and the defendant having no notice that such an issue would be raised in the case."

As to the first assignment, the record shows the trial court permitted plaintiffs, over defendant's objection and exception, to introduce in evidence the following exhibits of the previous litigation: The original petition, defendant's answer, trial court's judgment, supersedeas bond on appeal to Supreme Court, mandate affirming judgment below and including order of United States Supreme Court, bond on appeal to United States Supreme Court, execution upon original judgment, occupying claimant's petition, order denying said petition, supersedeas bond on appeal, mandate, including order of United States Supreme Court, bond on appeal to United States Supreme Court. Plaintiffs in their petition fully pleaded the history of the former suit and copies of the four bonds and the first mandate referred to were attached as exhibits. Defendant answered by unverified general denial. When these exhibits were first offered, defendant, Kelly, sought to prevent their admission in evidence by admitting his and his bondsmen's liability for the rental value of the premises during the period withheld from plaintiffs.

Defendant contends that these exhibits were offered with the purpose of inflaming the jury, and their admission was calculated to create passion and prejudice in the minds of the jurors. Plaintiffs say that they were properly admitted to show that defendant's conduct in withholding the premises was oppressive and actuated by malice, and therefore entitled plaintiffs to interest on each year's rental value; that the suit being upon the bonds, their admission was proper, and the remaining exhibits were necessary to amplify and interpret the recitals of the bonds.

Assuming, without deciding, that the admission of this evidence was erroneous, the question arises, Did the error result in injustice and material injury to the defendant? We have repeatedly held as in Mounts v. Boardman Co., 79 Okla. 90, 191 P. 362:

"This court is not authorized to reverse a case on the erroneous admission of evidence unless, after an examination of the entire record, it appears to the court that the error complained of has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right."

And it is held in Render et al. v. Richardson, 168 Okla. 122, 31 P. (2d) 923, that "a complaining party has the burden of pointing out and showing the prejudicial effect of testimony erroneously admitted or excluded, where such prejudice is not apparent on the face of the record."

In the case at bar the defendant has not shown the prejudicial effect of the evidence complained of. No authorities are cited in defendant's entire brief except two sentences from the text of Corpus Juris. Defendant does not contend that the verdict was excessive. His argument is that it was plaintiffs' purpose to influence the jury improperly by this evidence rather than that such was the effect of its admission.

We have carefully examined the entire record, and are unable to find where defendant suffered any prejudice whatever from the reception of this evidence. The defendant admitted his liability; the jury had to find against him for some amount, the only question remaining was for how much. Most of plaintiffs' numerous witnesses appear to have been well qualified and intimately acquainted with the property in question and its rental value. The jury viewed the premises by agreement of the parties. The jury was well informed of the facts by competent evidence. Its verdict was not excessive; the award was well below the amount sued for, and fully one-third less than what plaintiffs' evidence would have amply supported; the amount was closer to defendant's figures than to plaintiffs'. The jury allowed interest upon each year's rental value for the long period during which Kelly held possession of this land, but from the nature of the case, the issues, the record, and our statute (section 5973, C. O. S. 1921, section 9960, O. S. 1931), we cannot say that the allowance of interest was improper. The court instructed the jury that such interest could be allowed in their discretion, and defend-

ant made no objection and took no exception, nor did he request any other or different instruction. Nothing appears in the record to indicate passion or prejudice on the part of the jury. Neither does it appear that any constitutional or statutory right of the defendant has been violated through the admission of this evidence. It is therefore unncessary to determine whether error was committed in receiving it.

As to the second assignment, the record shows the court permitted plaintiffs to amend their petition during the trial to allege, "that the conduct of the said E. J. Kelly, in withholding possession of said premises, was oppressive and actuated by malice." Defendant's objection was, "We object to such amendment being made at this stage of the game and no application made to make such amendment." No authorities or arguments are set forth in defendant's brief supporting this assignment beyond the reason named in the assignment itself, that the defendant was not prepared to meet such an issue. This reason was not given the court in the objection made at the trial, nor did defendant request the court to give him a reasonable time to meet this alleged new issue. Defendant proceeded to put on his evidence without moving for a continuance or postponement.

Our statutes and the decisions of this court are extremely liberal in permitting amendments to pleadings in the furtherance of justice, and even if error is committed therein, the judgment will not be reversed on appeal unless substantial rights of the complaining party are prejudiced. Ganas v. Tseles, 157 Okla. 107, 11 P. (2d) 751.

"The allowance of amendments to pleadings during the progress of a trial rests within the sound judicial discretion of the trial court, and its action thereon will not be disturbed on appeal, unless clear abuse of such discretion is shown." Board of Commissioners v. Western, etc., Co., 122 Okla. 244, 254 P. 741; Missouri, K. & O. Coach Lines v. Benton, 157 Okla. 10, 10 P. (2d) 451.

It is held in Pyle v. Hood, 128 Okla. 239, 262 P. 660:

"The court, in its discretion, may permit the plaintiff in an action to amend his petition during the course of the trial, and does not err in allowing this to be done over the objection of the defendant, nor err in denying the defendant a continuance on account thereof, where it does not appear that the action of the court was prejudicial to the rights of defendant."

Plaintiff sought the amendment to make the case conform to section 5973, C. O. S. 1921, 9960, O. S. 1931, providing that in every case of oppression or malice interest may be given in the discretion of the jury. The petition had already, alleged defendant's liability for interest on plaintiffs' damages and prayed for recovery of such interest. Defendant did not regard the amendment seriously enough to take the stand and deny the oppression or malice alleged, although present in court. The, defendant has not shown that his rights have been prejudiced by the amendment, and no such prejudice appears from our examination of the entire record.

The record shows that substantial justice has been done between the parties and no prejudicial error appears. The judgment is therefore affirmed.

The Supreme Court acknowledges the aid of Attorneys Peyton Brown, L. A. Maris, and P. W. Cress in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Brown, and approved by Mr. Maris and Mr. Cress, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.