## QUEEN ANNE CANDY CO. v. EAGLE.

No. 29555.   April 16, 1940.

*101 P. 2d 624.*

Potterf, Gray & Poindexter, of Ardmore, for plaintiff in error.

R. A. Howard, of Ardmore, for defendant in error.

GIBSON, J.   This is an action to recover damages for breach of a seller's agreement to deliver personal property.

Defendant agreed to deliver to plaintiff at Ardmore approximately 25,000 pounds of pecans of a certain quality, but failed to comply with the agreement. Plaintiff's evidence showed that the market price of the particular quality had increased 2 cents per pound at the time of the breach of the agreement, and defendant's evidence was that the increase was 1 cent per pound. The trial court advised the jury that the agreement had been breached and then proceeded to instruct on the question of damages, but a general verdict was returned for defendant.

The breach of the agreement entitled plaintiff to a verdict for at least nominal damages (Pyle v. Hood, 128 Okla. 239, 262 P. 660), and the judgment thereon would carry the costs of the action.

But the most serious charge of error concerns the instruction on the measure of damages. In substance the court informed the jury that if the plaintiff could have gone into the open market and secured a like amount and quality of pecans at the same price he had agreed to pay defendant, or if there was no increase in the market price from the date of the agreement to the time of the breach thereof, then in either event the verdict should be for defendant.

Recovery in such case is governed by section 9971, O. S. 1931, 23 Okla. Stat. Ann. § 29, which provides that the detriment "is deemed to be the excess, if any, of the value of the property to the buyer, over the amount which would have been due to the seller under the contract, if it had been fulfilled." Here the evidence showed that pecans of like quality were obtainable in the Ardmore market at the time the agreement was breached, and there was a conflict in the evidence concerning the market price. Plaintiff's witnesses said the price had increased at that time to 2 cents per pound over the contract price, and defendant's witness testified that the increase was 1 cent per pound. The rule governing the amount of recovery in such case is stated in Consolidated Pipe Line Co. v. British American Oil Co., 163 Okla. 171, 21 P. 2d 762, as follows:

"The d a m a g e s resulting from the breach of a sales contract for the sale of a commercial commodity is ascertained by arriving at the difference between the contract price and the price which must be paid by the purchaser for a like commodity in the open market at the place specified for delivery."

Therefore, u n d e r the evidence as stated above, the plaintiff suffered detriment of at least 1 cent per pound of pecans agreed to be delivered.

The above instruction permitted the jury to draw their own independent conclusions as to the price of pecans in total disregard of the evidence. The instruction was erroneous. It should have confined the jury to the evidence on the extent of the damages instead of permitting them to find that the plaintiff actually suffered no detriment. The verdict was not only the result of an incorrect instruction, but was wholly unsupported by the evidence.

The judgment is reversed and the cause remanded, with directions to grant plaintiff a new trial.

BAYLESS, C. J., and O S B O R N, CORN, and HURST, JJ., concur.