## FIFTH AVE. LIBRARY SOCIETY v. PHILLIPS.

No. 3273. Opinion Filed November 25, 1913.

(136 Pac. 1076.)

1. EVIDENCE—Burden of Proof. Ordinarily the burden of proof as to any particular fact rests upon the party asserting such fact.

2. SALES—Action for Price—Warranty—Burden of Proof. Ordinarily, where a party relies upon a breach of warranty, the burden rests upon him to show not only the warranty, but the breach thereof.

3. SALES—Action for Price—Affirmative Defense—Breach of Warranty—Burden of Proof. Where a party executes a written order for a set of books, which is not subject to countermand, but which provides, "If books are not as represented by prospectus and agent, order is void," and the books ordered are shipped to and received by the ordering party, held, in a suit afterwards brought

to recover a balance due on the books, it is not necessary for the plaintiff to aver and prove, as a condition precedent to a recovery for the purchase price, that the books were as represented by the agent.

(b) If they were not up to the representation of the agent, it is defensive matter to be averred and proven by the defendant.

(Syllabus by Brewer, C.)

*Error from County Court, Canadian County;*
*W. A. Mauer, Judge.*

Action by the Fifth Avenue Library Society against D. B. Phillips. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

*W. M. Wallace,* for plaintiff in error.

*Lucius Babcock,* for defendant in error.

Opinion by BREWER, C. The plaintiff in error, as plaintiff below, sued the defendant in error, as defendant, for a balance alleged to be due on the purchase price of a certain 25-volume set of books, alleging that the same had been sold, delivered, and accepted under the terms of a certain written order therefor, and which is as follows:

City, Yukon, Okla., 7-26, 1907:
Fifth Avenue Library Society, 114 Fifth Ave., New York—Gentlemen: Please deliver to me one set of ReRaissaince Edition de loze of "The Ridpath Library of Universal Literature" in Twenty-Five volumes bound in Three-Quarter Leather Gilt top, for which I agree to pay you $69.30, payable as follows: $15.00 down and $15.00 each month thereafter until the full amount is paid, default of which renders the whole amount due. The title to said books does not pass to me until they are paid for in full. I understand this order is not subject to countermand or cancellation. If books not as represented by prospectus and agent order is void. No agreement is valid other than embodied in this contract.
[Subscriber's Signature]　.D. B. Phillips.
Subscriber's occupation, M. Banking.　.
"　　business address, --------
"　　residence, Yukon, Okla.
Deliver books at　　"　　"
Paid to salesman on account, Fifteen.
Date, 1907.
Salesman, T. P. Levack.

The defendant admitted the execution of the writing and the receipt of the books, and then averred, as a defense to any liability thereunder, that the books were not of the kind and

character as represented to him by the agent, that said agent had represented said books to be a general encyclopedia and equal to any standard encyclopedia, and that they were not of such character. Defendant then avers that, upon receipt of the books and examination of the same, he offered to return them to plaintiff upon condition that his advance payment of $15 be restored to him.

When the case was reached in the county court, where it had been lodged on appeal from a justice of the peace court, the question was raised as to where the burden of proof should be placed. The court held that the burden of proof was on the plaintiff, and that it was required to show that the set of books delivered were as represented by the prospectus and agent   The plaintiff objected to this ruling, refusing to assume the burden of proof on this point, and the cause was dismissed for failure to prosecute. Whether or not this ruling was correct is the only question before us.

The admissions of the answer relieved the plaintiff of the burden of proof, unless it was necessary that plaintiff aver and prove, as a condition precedent to recovery, that the books delivered to defendant were as represented by the prospectus and agent. Unless such averment and proof were conditions precedent, a *prima facie* case was admitted by the answer, and, in the absence of any proof, plaintiff would prevail.

Ordinarily the burden of proof as to any particular fact rests upon the party asserting such fact. Jones on Evidence, 181. The defendant having averred a breach of warranty in this case, the state of the pleadings put the burden on him, unless we should treat his averments as surplusage, and hold that the plaintiff in a suit on the contract was required to aver and prove as a condition precedent to recovery that the books came up to the agent's representations. We do not think, under the contract and circumstances of this case, that such was required of plaintiff. We think this was defensive matter, and that the defendant so concluded properly, when, without attack upon the petition, it was set up affirmatively in the answer.

In *Buckstaff v. Russell Co.,* 151 U. S. 626, 14 Sup Ct. 448, 38 L. Ed. 294, a somewhat similar situation was involved, and the court says:

"But these were matters to be disclosed in the defense of the action, and need not have been made the subject of specific allegations in the petition. It was not necessary to allege in the petition that the engine, boilers, and pumps were ascertained by the defendants to work to their entire satisfaction. It was sufficient to allege the delivery of the articles, and the expiration of the time limited in the contract for the payments. In respect to the guaranty of the plaintiff that the engines, boilers, and pumps would work, and that the engines would furnish the stipulated amount of horse power, and be as economical of fuel and as durable as a Corliss noncondensing engine, it need only be said that those were, also, matters to be alleged and proved by defendants in support of their counterclaim."

In *Neal v. Shewalter,* 5 Ind. App. 147, 31 N. E. 848, it was held, in a suit on a contract for the sale of "first-class flour barrels," that it was not necessary to allege in the complaint that the barrels were of the kind named in the contract. The court says:

"This was not an action for breach of the executory contract. The plaintiff did not complain of a refusal to receive the barrels. If, while the contract was executory, the stipulation in question amounted to mere description of the kind and quality of the goods to be sold, the existence of which quality would be a condition precedent to the obligation of the buyer to accept, it was not necessary to allege its performance by him, for the reason that the sale had been consummated by delivery and change of ownership in the goods, and his action was one to recover the price. If the stipulation should be regarded as an engagement on the part of the seller, which would survive the consummation of the executory contract of sale and constitute a warranty, then it was a collateral undertaking; its object being to furnish a remedy to the buyer which he would not have under the contract to which it was collateral, and, in an action to recover the price, it was for the buyer to set up a breach of it, and it did not devolve upon the seller in his action to recover the contract price, to specially allege performance of the collateral undertaking."

See, also, 19 Ency. P. & P. 32; *Griswold v. Scott,* 13 Ga. 210.

In this case the contract for the purchase of the books, when made, was executory; had the books been forwarded under its terms, and defendant had refused to accept them, and a suit had been brought for damages for the breach in refusing the books, it would have been necessary to aver and prove that the books were in all things such as described in the contract, thus showing a reason why the failure to accept was actionable. But the books in this case had been delivered and accepted by the defendant, thus completing the contract, and the suit was for the balance due on the purchase price. If, in fact, after accepting the books, they were found to be not up to the representations of the prospectus and agent, the defendant could elect either to keep them notwithstanding such fact and pay for them, or to seasonably rescind the sale, as was attempted, in which case it was incumbent on the defendant to aver and prove his right to rescind.

Ordinarily the burden of proof is on the party relying on a breach of warranty to show not only the warranty, but the breach thereof. 35 Cyc. 457, and notes 23 and 24, as extended in 1913 annotations, at page 2574; *Spaulding Mfg. Co. v. Holiday,* 32 Okla. 823, 124 Pac. 35.

This leads us to conclude that the burden was on the defendant, and that the court erred in holding otherwise, to the substantial injury of plaintiff.

This must result in a reversal and remand of the case.

By the Court: It is so ordered.