## CAVITT v. ROBERTSON.

No. 3763.   Opinion Filed July 28, 1914.

(142 Pac. 299.)

1.   **ALTERATION OF INSTRUMENTS—Evidence—Admissibility** of Instrument.   In an action upon a promissory note, where the answer is a general denial duly verified, and the defendant is called as a witness and admits the genuineness of his signature to the note, but contends that the note had been changed in a material respect after its delivery, and without his consent, the note, being regular upon its face, is properly admitted in evidence.

2.   **ALTERATION OF INSTRUMENTS—Burden of Proof—Question** for Jury.   Where the defendant in an action upon a promissory note defends upon the ground that the note has been materially altered without his consent and subsequent to its delivery, the law imposes the burden upon him to prove such defense by a preponderance of the testimony. The question whether or not such change has been made in the note, is for the jury, as triers of the facts.

(Syllabus by Galbraith, C.)

*Error from County Court, Tulsa County;*
*N. J. Gubser, Judge.*

Action by Rosey Robertson against Frank O. Cavitt. Judgment for plaintiff, and defendant brings error. Affirmed.

*Biddison & Campbell* and *Schaeffer & Kerrigan,* for plaintiff in error.

*Davidson & Williams* and *Moore & Noble,* for defendant in error.

Opinion by GALBRAITH, C. This is an appeal from the judgment of the county court of Tulsa county, rendered upon the verdict of a jury in an action upon two promissory notes. The petition set out the notes in two separate counts, and prayed for judgment in the aggregate amount thereof and interest.

The answer was a general denial, which was duly verified. The plaintiff called the defendant as a witness, and by him proved the execution of the notes, and then offered the notes in evidence, and they were admitted. On cross-examination the defendant was permitted to testify, over objection, that the notes were not the same as they were when executed, but that they had been changed without his knowledge or consent by alteration, in this: That when executed the notes called for 8 per cent. interest and these notes admitted in evidence provided for 10 per cent. On re-examination he testified, over the objection of his counsel, that the notes were given in payment of the purchase money for part of the allotment of the plaintiff, who was a Creek freedwoman, and that they had not been paid. The defendant demurred to the evidence, and, when this was overruled, called no witnesses in his behalf, but rested, and the court instructed the jury as to the law, telling them that the burden was on the defendant to show that the notes had been materially changed after they were signed and delivered, without the knowledge or consent of the makers, and that, if they found the notes had been changed in any material respect, they should find for the defendant, and otherwise correctly instructed them as to the law arising upon the issues made by the pleadings and the evidence in the case. The verdict was for the plaintiff for the amount of the notes and interest.

Error is assigned in overruling the demurrer to plaintiff's evidence. The execution of the notes was proved by the defendant himself, and they were properly admitted in evidence, and when in evidence were sufficient to sustain the verdict. The rule as to the admissibility of the notes under the circumstances is well stated in 1 R. C. L. par. 5, p. 969, as follows:

"Where an instrument clearly shows upon its face that it has been altered in some material part, the proper course is for the

presiding judge to determine, upon inspection and in view of the state of the evidence at the time, whether further proof in explanation of the alteration shall then be required before the instrument is admitted; and where an instrument has been admitted by the court upon an inspection thereof, the presumption is that there were no alterations apparent upon its face which required explanation, or the court would not have admitted it in evidence without first calling for proof explaining the alterations. If, however, the preliminary question whether there has been an alteration is doubtful, it is for the jury. In ancient times when few could write, and when the business which required the writing was done by those who were skillful, the court took it upon itself to decide, upon an inspection of the instrument which was suspicious by reason of any apparent alteration, that it was void; but as the manner of conveyancing swelled from small to large and voluminous deeds, the courts, instead of discharging deeds containing erasures or interlineations as void, referred them to the jury, upon the issue of *non est factum,* to decide whether such deeds were the original contracts delivered by the parties; and the general rule would now seem to be that the court, upon the usual proof of the execution of the instrument, should admit it in evidence, without reference to the character of any alterations upon it, about which the court will presume nothing, leaving the whole question to be passed upon by the jury, whose province it is, as judges of the fact, to determine by the appearance of the instrument itself, or from that and other evidence in the case whether the alteration was made by a party thereto, or by a stranger, whether it was made before the instrument was executed or afterwards, and with what intent it was made. * * * While in various jurisdictions different presumptions are said to exist as to these questions of fact, dependent upon the appearance of the instrument when offered in evidence, yet in all of these jurisdictions such presumptions are rebuttable, and the questions in the end are for the jury to consider in the light of all the evidence, intrinsic or extrinsic."

The notes appear from the copy set out in the record to be regular in form upon their face, and there is nothing to suggest an alteration or change in them except the testimony of the defendant. The jury heard this testimony, and also had before them the original notes. This exception is without merit.

It is also complained that the court erred in instructing the jury that the burden was on the defendant to show a material al-

teration of the note, if any had been made, without his consent. In 1 R. C. L. p. 1041, par. 73, it is said:

"There seems to be no dissent from the rule that where no alteration is apparent on the face of an instrument the burden of proving that there has in fact been an alteration is on the party alleging it."

The general rule as to the burden of proof is announced by this court in *Fifth Avenue Library Ass'n v. Phillips*, 39 Okla. 799, 136 Pac. 1076, the first paragraph of the syllabus reading as follows:

"Ordinarily the burden of proof as to any particular fact rests upon the party asserting such fact."

In *Richardson et al. v. Fellner*, 9 Okla. 513, 60 Pac. 270, the fourth paragraph of the syllabus reads as follows:

"Where the execution of a note is denied under oath, and on the trial the genuineness of the signatures to the note is admitted, but it it claimed that a material alteration has been made in the note subsequent to its execution, the presumption will be entertained that all alterations or interlineations were made prior to and with the consent of the makers and the burden will be on the one alleging such alterations to show that they were made subsequent to the execution of the instrument, and without the consent of the makers."

See, also, *Cedar Rapids Natl. Bank v. Bashara*, 39 Okla. 482, 135 Pac. 1051.

Giving the instruction complained of was not prejudicial error. The law placed the burden on the defendant to sustain the charge he made that the notes had been materially changed after their delivery and without his consent. He did not sustain this burden.

We are convinced from a careful reading of the record that the jury returned a righteous verdict, and we recommend that the exceptions be overruled and that the judgment appealed from be affirmed.

By the Court: It is so ordered.