### KAPP v. LEVYSON.

No. 6804.   Opinion Filed October 10, 1916.

(160 Pac. 457.)

1.   **APPEAL AND ERROR—Review—Questions of Fact—Verdict.**
Where the evidence reasonably tends to support the verdict of the jury, the same will not be disturbed on appeal.

2.   **ALTERATION OF INSTRUMENTS—Actions—Burden of Proof.**
Where the defendant in an action upon a promissory note defends upon the ground that the note has been materially altered without his consent and subsequent to its delivery, the law imposes the burden upon him to prove such defense by a preponderance of the testimony. The question whether or not such change has been made in the note is for the jury, as triers of the facts.

(Syllabus by the Court.)

*Error from County Court, Oklahoma County;*
*John W. Hayson, Judge.*

Action by B. Levyson against H. Kapp. Judgment for plaintiff, and defendant brings error. Affirmed.

*J. T. Walter, A. L. Hilprit,* and *Geo. M. Callihan,* for plaintiff in error.

*McLaury & Hopps,* for defendant in error.

PER CURIAM.   On September 8, 1913, B. Levyson, defendant in error, in the county court of Oklahoma county, sued H. Kapp, plaintiff in error, as maker on a promissory note, dated Jacksborough, Tex., July 7, 1910, whereby the defendant promised to pay to the order of the Jacksborough National Bank in the city of Jacksborough, Tex., $363 three years after date, "negotiable and payable without defalcation or discount with interest at the rate of 10 per cent. upon the principal and interest then due as attorney's fees if sued upon or placed in the hands of an attorney for collection." Although the note fails to show an indorsement from the payee to plaintiff, he alleged that he was the owner and holder thereof and such he was by defendant conceded to be; the consideration for the same being money loaned by plaintiff to defendant. To escape liability defendant pleaded no defense other than that the note, while in the hands of plaintiff, had been materially altered by him in erasing the prefix "non" before the word "negotiable" appearing in the note so as to make the same appear negotiable and preclude "him from pleading thereto failure of consideration or other equitable defenses existing against said note in favor of defendant," all of which he does not pretend to do.

After plaintiff had introduced the note in evidence and rested, defendant, assuming the burden of proof, leveled his proof to show an alteration as alleged, which in rebuttal plaintiff denied, and the cause was submitted to the jury upon this issue and it found for the plaintiff. Assuming the issue to be material, there being evidence reasonably tending to support the verdict, the judgment will not be disturbed. The burden of proof was upon the defendant. *Cavitt v. Robertson,* 42 Okla. 619, 142 Pac. 299.

Affirmed.