## DAY v. MORGAN.

No. 16664—Opinion Filed July 20, 1926.

1. **Bills and Notes—Action on Note—Failure of Defense — Demurrer to Defendant's Evidence.**

In a suit on a promissory note of date August 8, 1904, due on 30 days' notice, where the only evidence of the defendant was that the note was signed in 1907 and that no demand for payment was made until 1918, a demurrer to such evidence was properly sustained.

2. **Same—Evidence of Alteration of Note Inadmissible Where not Pleaded.**

Evidence tending to show that words had been written in a promissory note after its execution is not admissible where a material alteration is not pleaded.

(Syllabus by Ray, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Comanche County; Frank Mathews, Assigned Judge.

Action by Katherine Morgan against Katherine Day. Judgment for plaintiff, and defendant appeals. Affirmed.

J. F. Thomas, for plaintiff in error.

Gensman & Dixon, for defendant in error.

Opinion by RAY, C. June 3, 1920, Katherine Morgan brought suit in the district court of Comanche county against Katherine B. Day to recover on a promissory note in words and figures following:

"$2,000.00 Lawton, Okla., Aug. 8, 1904. No.—

"For value received, 60 days' notice, I promise to pay to the order of Katherine Morgan at The First National Bank of Lawton Two Thousand oo-100____Dollars, with interest thereon at the rate of 6 per cent. per annum from date until paid.

"(Signed)        George Day,
"        Katherine B. Day."

The defendant, by her amended answer, admitted the execution of the note, but denied that she was indebted to the plaintiff on the note in any sum whatever. She alleged that the note was signed by her in 1907, long after the note was executed by her husband, George Day, deceased, and that it was signed by her without consideration; that the note had been paid by George Day, deceased, principal maker of the note. She further pleaded that if the note had not been paid it was barred by the five-year statute of limitation. From a judgment in favor of the plaintiff the defendant has appealed.

No contention is made here that the ac-

tion was barred by the statute of limitation. The principal contention is that the court erred in sustaining the demurrer to defendant's evidence tending to show want of consideration and payment. Plaintiff's evidence was that in 1904 she lent to George Day, her brother, $2,000 without taking any note therefor, but that after her brother, George Day, was married to the defendant she demanded security, and received the note from him signed by himself and the defendant, Katherine Day; that she received the note in 1908 or 1909; that no demand for payment was ever made until after the death of her brother, George Day, in 1918, and that the note, or any part thereof, had not been paid. The defendant testified that she signed the note in 1907, and that no demand was made upon her for payment until after her husband's death in 1918; that she did not know whether payment had been made. A demurrer to defendant's evidence was sustained.

The defendant, in her brief, says:

"We think that in view of the fact that the note was dated in 1904, and was not signed by the defendant until 1908, and was never seen by the plaintiff until about that date, the note was without consideration to the defendant.

"Also, we think that the note being dated 1904, and no demand for payment was ever made upon either maker of the note until after the death of the principal, George Day, in 1918, it was a question for the jury as to whether the note had been paid. We think all of these circumstances were sufficient to go to the jury."

No authorities are cited to sustain this contention, and we know of none. There was evidence tending to show that the defendant, George Day, invested the $2,000 borrowed from the plaintiff in a farm in Comanche county, which the defendant testified was deeded to her after their marriage in 1907. The demurrer to the evidence was properly sustained.

It is further contended that the court erred in sustaining the objection to the testimony of the defendant, that the words "60 days' notice" contained in the note did not look like the handwriting of her husband, George Day, deceased, the contention being that the deceased, George Day, wrote the note, and, without the words "60 days' notice" in the note, it would have been barred and that if the quoted words were written by some person other than the maker, George Day, it would have been a material alteration of the note.

The objection was properly sustained up-

on the two grounds: That the witness was not qualified to testify as to the handwriting of George Day, deceased, and the alteration of the note was not pleaded.

No other grounds being urged for reversal, the judgment is affirmed.

By the Court: It is so ordered.

Note.—See under (1) 8 C. J. p. 1049 §1359. (2) 2 C. J. p. 1262 §162.