### ANDERSON, Ex'r, v. CARDWELL.

No. 17955.   Opinion Filed March 20, 1928.

(Syllabus.)

**1. Appeal and Error—Verdict in Law Action Reasonably Supported by Evidence not Disturbed.**

When the jury has been properly instructed as to the law, and the evidence reasonably tends to sustain the verdict of the jury, and a motion for a new trial has been denied, this court in a law action will not invade the province of the jury to weigh the evidence and disturb the verdict.

**2. Same—Conflicting Evidence not Weighed.**

In an action at law, where a general verdict has been rendered and judgment rendered on the verdict, and the evidence is conflicting, and there is competent evidence to sustain the verdict, this court will not weigh the evidence, but will sustain the verdict of the jury.

Error from District Court, Tillman County; Frank Mathews, Judge.

Action by Lizzie Cardwell against Walter R. Anderson, executor of estate of Ida Chadwick, deceased. Judgment for plaintiff, and defendant brings error. Affirmed.

Wilson & Roe, for plaintiff in error.

Tom C. Greer, A. S. Wells, and F. H. Hurst, for defendant in error.

HEFNER, J. This action was brought by the plaintiff, Lizzie Cardwell, defendant in error, against the defendant, Walter R. Anderson, executor of the estate of Ida Chadwick, deceased, plaintiff in error, to recover the sum of $3,300 for personal services rendered the testatrix during the last years of her life as nurse, housekeeper, chambermaid, cook and washerwoman. The contract of employment was oral, by the

terms of which plaintiff and her family were to move into the house of Ida Chadwick as the servant and keeper of said Ida Chadwick; no fixed price for said services was agreed upon between the parties further than plaintiff should be well paid for her services. A general denial was filed by the defendant. Upon the trial of the case, the jury returned a verdict in favor of the plaintiff in the sum of $2,100. Judgment was entered for that amount and a motion for new trial overruled; from which judgment and order overruling the motion for new trial, the defendant has appealed to this court.

The defendant admits that in the light of the authorities the lower court probably committed no error either in its instructions to the jury or admission of evidence at the trial.

For reversal, the defendant first urges that the amount of recovery was too large and not sustained by the evidence. The suit was brought for $3,300. The testimony showed that the plaintiff did all of the housework, washing, ironing, cooking, and furnished the supplies for Mrs. Chadwick for a period of about 27 months; that Mrs. Chadwick was about 72 years of age, and some of the witnesses testified that she was in very poor health during the entire time and that her condition required the constant care of a nurse. Witnesses also testified that it was worth from $100 to $125 a month to look after her. All of this evidence was contradicted by other witnesses. The jury evidently believed the witnesses who testified favorably for plaintiff. After the verdict was returned, the court entered judgment thereon and denied a new trial.

It will be remembered that the defendant admits that the jury was properly instructed and that there was no error in admitting the evidence. · It has been many times held by this court that where the evidence reasonably tends to sustain the verdict, and when the jury has been properly instructed as to the law, and a motion for a new trial has been denied and the verdict of the jury approved by the trial court, this court will not invade the province of the jury to weigh the evidence and disturb the verdict.

The defendant next urges that the judgment should be reversed because the attorney for the plaintiff propounded incompetent questions. Objections were sustained by the court to all of the improper questions. We have examined the record in this respect and commend the trial court for sustaining the objections thereto because they were incompetent and irrelevant, but we do not think the rights of the defendant were prejudiced by the irrelevant questions.

From the briefs and the record in this case, it appears that the case was fairly tried, submitted to the jury with proper instructions, and that there was no prejudicial error committed in the trial thereof.

The judgment of the trial court is affirmed.

BRANSON, C. J., and PHELPS, HUNT CLARK, and RILEY, JJ., concur.

Note.—See under (1).4 C. J. p. 853, §2834; p. 864, §2839; 2 R. C. L. p. 206; 1 R. C. L. Supp. p. 444; 4 R. C. L. Supp. p. 92; 5 R. C. L. Supp. p. 81; 6 R. C. L. Supp. p. 76. (2) 4 C. J. p. 859, §2836; 2 R. C. L. p. 194; 1 R. C. L. Supp. p. 433; 4 R. C. L. Supp. p. 90; 5 R. C. L. Supp. p. 79; 6 R. C. L. Supp. p. 73.