**INTER-CITY FINANCE CORP. v. HOOKER et al.**

No. 22286.    May 1, 1934.

Charles Skalnik, for plaintiff in error.

Amos T. Hall, for defendant in error.

BUSBY, J. This is a suit on a promissory note. It comes to this court on appeal from a judgment of the court of common pleas of Tulsa county. The parties appear in this court in the same order in which they appear in the court below, and will be referred to in this opinion as plaintiff and defendants, respectively.

The note upon which the action was based purported on its face to be for the sum of $1,000, payable to the plaintiff as payee and signed by the defendants, whose names were subscribed to the instrument in the following order:

Mrs. S. D. Hooker for Hooker Dry Goods Company,

A. L. Phillips,

Earl Buckner,

J. E. Johnson,

Mrs. R. C. Baughman.

The defendant Mrs. S. D. Hooker was not served with summons in the action. The defendant Earl Buckner was apparently served, but did not appear or answer.

The remaining defendants, A. L. Phillips, Mrs. R. C. Baughman, and J. E. Johnson, filed their joint answer asserting as defenses:

(1) That the note was executed as an accommodation for one S. D. Hooker upon condition that it should not become effective until and unless indorsed by J. H. Goodman, whose indorsement was never procured.

(2) That at the time the answering defendants affixed their signatures to the note, it bore the purported signature of one S. D. Hooker; that the note had been altered without their consent by inserting before the signed name S. D. Hooker, the abbre-

viation "Mrs.", and inserting after the name "For the Hooker Dry Goods Co."

(3) They had been induced to sign the note by fraud and deceit.

The case was tried to a jury, resulting in a judgment for the defendants. No exceptions were taken to the instructions of the trial court. The plaintiff did, however, challenge the sufficiency of the evidence to establish a defense by a motion for a directed verdict at the close of the evidence. The principal complaint of the plaintiff in this court is that the evidence was insufficient to support the verdict for the defendant.

It is not disputed that as a matter of law a note may be delivered upon condition that it shall not become operative until the performance of a certain condition, and where such condition has not been performed the note does not become operative and cannot be enforced by a payee having knowledge of the conditional character of the delivery. See Republic National Bank of St. Louis v. First State Bank of Oilton et al., 110 Okla. 299, 237 P. 578; Redwine v. Cummins et al., 108 Okla. 39, 233 P. 418; Jones v. Citizens State Bank, 39 Okla. 393, 135 P. 373. Neither is it disputed that a material alteration of a note without the consent of the maker renders the note unenforceable in the hands of the payee. Eastman Nat. Bank v. Naylor et al., 130 Okla. 229, 266 P. 778.

Proof that an alteration has been made without the consent of the maker raises a presumption that such alteration was made by the party producing the instrument. Western Silo Co. v. Knowles, 88 Okla. 176, 212 P. 429.

We have examined the record in the light of these rules of law, and find therein competent testimony supporting the defendants' theory that the note was conditionally delivered and that it was altered after delivery, and that the plaintiff had notice of the conditional character of the delivery. Either one of the defenses interposed by the defendant was sufficient in itself to defeat plaintiff's right to recover if well taken.

Since no objection was made to the instructions of the trial court submitting the defense of fraud to the jury, it is unnecessary to pass upon the sufficiency of the evidence to support that defense.

At the close of the evidence the trial court was requested to enter a default judgment against the defendant Earl Buckner. The trial court refused to grant this request on the theory that if the note had been altered, it was void as to the defendant Buckner. In this respect the trial court was in error. The burden of pleading and proving a material alteration was upon the defendant. Day v. Morgan, 118 Okla. 286, 248 P. 611; Kapp v. Levyson, 58 Okla. 651, 160 P. 457. The defendant Buckner filed no answer and made no appearance. He may have consented to the alteration of the note. We are, however, without power to correct this error. The case-made in this case was not served upon the defendant Earl Buckner, and that defendant is therefore not a party to this appeal.

It is next contended that the trial court erred in refusing to grant a new trial on the ground that it was impossible to make a case-made. This contention is without merit. A sufficient case-made was prepared and filed in this court within the time required by law.

Finding no prejudicial error, the judgment of the trial court is affirmed.

RILEY, C. J., CULLISON, V. C. J., and ANDREWS and OSBORN, JJ., concur.