## R. V. SMITH SUPPLY CO. v. STEPHENS et al.

No. 22583.   Nov. 27, 1934.

Priest & Belisle, for plaintiff in error.

Hatcher & Kice, for defendants in error.

PER CURIAM. This action was instituted on the 30th day of August, 1929, by the R. V. Smith Supply Company, a corporation, against A. L. Stephens and C. M. Philpott, doing business as Konawa Whippet Company and Konawa Battery Company, to recover the sum of $499.46 with six per cent. interest from July 10, 1929, upon an account for goods, wares, and merchandise, which the plaintiff claims were sold and delivered to the defendants. In the petition it is substantially alleged that the R. V. Smith Supply Company was and still is a corporation organized and doing business under the laws of the state of Oklahoma with its principal place of business at Oklahoma City; and that the defendant Konawa Whippet Company was and still is a copartnership composed of A. L. Stephens and C. M. Philpott.

That between the 16th day of February, 1928, and the 10th of July, 1929, the plaintiff sold and delivered and furnished the de-

fendants with goods, wares, and merchandise —automobile accessories, supplies, tires and tubes,—for which the defendants promised and agreed to pay the total sum of $5,743.24, and that the defendants had paid plaintiff on the account $5,243.46, leaving a balance due of $499.46, as shown by a true and correct itemized statement attached to the petition and made a part of the same, and prayed judgment against the defendants for the balance claimed to be due.

On the 30th day of December, 1929, the defendants filed their amended answer and cross-petition, in which they deny generally and specifically each and every material allegation of the plaintiff's petition except that which is specifically admitted.

The defendants admit the partnership and admit that they had some dealings with the plaintiff, in which they purchased some goods, wares, and merchandise from it, but deny the correctness of the account sued on; and they deny specifically that they ever bought of the plaintiff the specific items of goods, wares, and merchandise for which suit is brought, and allege:

"That in the course of the business dealings between these defendants and the plaintiff, the plaintiff shipped to these defendants a large supply of automobile accessories, including casings, tires, and tubes, and other supplies, which automobile accessories these defendants did not buy from plaintiff, and which automobile accessories these defendants refused to receive from the plaintiff unless the plaintiff would agree to let these defendants receive the said automobile accessories on consignment to be paid for by these defendants as said accessories were sold by these defendants.

"These defendants further allege that an agreement was entered into by and between these defendants and the plaintiff, which agreement was oral, and by the terms of which agreement the defendants were to receive the automobile accessories, which accessories are the basis of this suit and the goods, wares and merchandise in question, on consignment to be paid for by the defendants as said accessories were sold by the defendants.

"That, under the terms of said agreement, the defendants did receive the goods, wares, and merchandise described in plaintiff's petition, and under the terms of said agreement, all of said goods, wares and merchandise were to be returned by the defendants to the plaintiff in case the defendants were unable to sell the same, and said return was to be made either at the option of the defendants or at the request of the plaintiff; that the defendants elected to return the merchandise described in plaintiff's petition, and did so return the said merchandise by delivery to the S. & L. Transportation Lines, a licensed and operating freight carrier at Konawa, Okla., on the 18th day of July, 1929, at Konawa, Okla., with full instructions as to delivery to the plaintiff at Oklahoma City, Okla., all in accordance with the above-mentioned agreement.

"That by virtue of the return of the said merchandise in accordance with the terms and tenor of said agreement, these defendants are entitled to credit by plaintiff in the sum of $499.46; that if plaintiff would give these defendants said credit, then these defendants would owe plaintiff nothing; that these defendants have paid the plaintiff in full for all merchandise received from the plaintiff with the exception of the above-mentioned merchandise which was returned as above stated; that these defendants owe the plaintiff nothing; that the plaintiff is entitled to take nothing by his petition on file herein."

The answer of the defendants is duly verified by A. L. Stephens.

The plaintiff prosecuted successfully a motion to require the defendants to name the person with whom the alleged oral agreement set forth in the answer was made; and, in compliance with the order of the court, on the 21st day of February, 1930, the defendants, in their amendment to the amended answer, allege that the agreement was made with A. W. Aughtry.

On the 28th day of February, 1930, the plaintiff filed its reply in which it denies:

First. Each, every, and all material allegations contained in defendant's answer.

Second. That it specifically denies the authority of the alleged Mr. Aughtry to make the contract referred to in said second amended answer.

Third. Your replying plaintiff says that no contract was, in truth and in fact, entered into as set forth in said defendant's second amended answer.

The case was tried to a jury and resulted in a verdict being returned in favor of the defendants.

From the order of the court denying a motion for a new trial, the plaintiff in error prosecutes this appeal.

It is to be observed that the pleadings, as framed, present two questions:

(1) Was the transaction between the parties a sale and delivery of the property for which suit is brought, as claimed by the

plaintiff, or was it received by the defendants on consignment under a verbal agreement to be paid for as sold or. returned at the option of the defendants or on demand of the plaintiff, as alleged in the answer?

(2) If the agreement to return the goods was made by the defendants with the agent Aughtry, as claimed by the defendants, is the plaintiff bound by such agreement?

We encounter little difficulty in disposing of the first proposition. The record in this case presents a sharp conflict in the testimony of the plaintiff and the defendants; the plaintiff claiming that no such contract was ever made. The testimony of the defendants on that point is sufficient to sustain the allegations of the answer; and this court has held in a long line of unbroken decisions that in an action at law where the evidence is conflicting and there is competent evidence to sustain the verdict of the jury, this court will not weigh the evidence, but will sustain the verdict returned by the jury and the judgment rendered thereon by the court. Pyle v. Hood, 128 Okla. 239, 262 P. 660; Anderson v. Caldwell, 130 Okla. 92, 265 P. 627; Swindler v. Selby, 130 Okla. 294, 267 P. 471, and cases therein cited.

On this point we hold that in a law action, where the evidence on a material point is conflicting, and has been duly submitted to the jury by the court in appropriate instructions, and there is any evidence which reasonably tends to support the verdict of the jury, this court will not weigh the evidence, but will sustain the verdict of the jury.

Addressing ourselves to the second proposition—that the agent Aughtry had no authority to bind the corporation—we find it to be more serious.

In its brief the plaintiff calls our attention to Gast v. Barnes, 44 Okla. 107, 143 P. 856; Choate v. Stander, 61 Okla. 148, 160 P. 737, and other cases. We have examined these cases carefully and in each one of them agency was denied, and was the controlling principle in the case. That Aughtry was the agent of the plaintiff is not denied, but admitted, and for that reason the cases called to our attention by the plaintiff have no application.

The plaintiff claims that the authority of Aughtry was limited and special: that he was a floor clerk and that as such his duties were to wait on customers in the store, to see what they wanted, and "to see that they were taken care of." Therefore, the nature and extent of the authority of the agent Aughtry must determine our conclusion in this case. All of the testimony from both the plaintiff and the defendants is that Aughtry was employed by and working for the plaintiff during the time the property in controversy was sold.

The record discloses that there was a series of transactions between the plaintiff and the defendants during the period of time alleged in the pleadings, and that the principal part of the transactions were had with Aughtry. The record discloses that he had personally sold goods to the defendants, and on other occasions had agreed with the defendants for a return of goods, which was done and credit given the account of the defendants.

To apply the rule insisted upon by the plaintiff would place upon the public having business dealings with a corporation the impossible burden of ascertaining beforehand the nature and precise authority of the agent. In dealing with one known to be an agent, the public has a right to presume that the agency is general and not special, and that such agent is acting within the scope of his authority. Continental Supply Co. v. Sinclair Oil & Gas Co., 109 Okla. 178, 235 P. 471.

There are implied powers in every express grant of power. Implied powers inhere in and grow out of an express grant of power and are those powers necessarily incidental to a proper exercise of the express grant of power. Skelly Oil Co. v. Pruitt & McCrory, 94 Okla. 232, 221 P. 709.

An implied agency may be inferred from the acts and conduct of the parties and the circumstances surrounding the particular case, and, while it may be more convincingly inferable from a series of transactions, it may be, nevertheless, implied from a single transaction. Mounts v. Boardman Co., 79 Okla. 90, 191 P. 362; Smith v. Cornwell & Chowning Lumber Co., 101 Okla. 86, 223 P. 154; International Life Insurance Co. of St. Louis, Mo., v. Bradley, 114 Okla. 231, 246 P. 222.

On this point we hold that one dealing with a known agent has a right to presume that the agency is general and not special, and that the agent is acting within the scope of his authority, and the principal will be bound by the act of the agent.

Complaint is made in the brief of the plaintiff that the court erred by admitting in evidence some exhibits, consisting of a credit memorandum of the return of goods at a

time prior to the return of those in controversy.

We believe there is no merit in this contention of the plaintiff. As heretofore observed, the record discloses that in the series of transactions between the plaintiff and the defendants, Aughtry was the principal one the defendants dealt with. The nature and extent of his authority was a material issue to be decided by the jury. Evidence showing the dealings between the plaintiff and the defendants during the period of time embraced within the pleadings was competent and material for the purpose of throwing light upon the relationship of the parties and for the purpose of proving the nature and extent of the agency, which was a material issue in the case to be submitted to the jury by appropriate instructions of the court. International Life Insurance Co. of St. Louis, Mo., v. Bradley, supra, Dandois v. Raines, 115 Okla. 88, 241 P. 1099; Reed v. Anderson, 127 Okla. 64, 259 P. 855; Knupp v. Hubbard, 130 Okla. 111, 265 P. 133.

The third proposition—that of accord and satisfaction—discussed in the brief of the plaintiff, is of no importance in view of the conclusions we have reached on the other features of the case.

The judgment of the trial court is affirmed.

The Supreme Court acknowledges the aid of Attorneys J. M. Springer, W. H. Wilcox, and John Adams in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of the law and facts was prepared by Mr. Springer, and approved by Mr. Wilcox and Mr. Adams, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.