## CATTO et al. v. MAXEY, Adm'r.

No. 22826.    Jan. 22, 1935.

McPherren & Maurer, for plaintiffs in error.

E. S. Bessey and A. Francis Porta, for defendant in error.

PER CURIAM. The parties will be re-

ferred to as they appeared in the trial court, the plaintiffs in error as defendants, the defendant in error as plaintiff.

The defendants appeal from a judgment of the district court of Canadian county, pursuant to a verdict in favor of plaintiff.

There were other defendants sued by plaintiff, but judgment was obtained against only the defendants named above.

The petition filed alleges, among other things, that the defendant Pearl Brooks, a nurse, drove and operated an automobile belonging to her codefendant, Wm. B. Catto, her employer, and that while driving said automobile in a reckless and dangerous manner and while on a mission for her employer on a certain street in El Reno, Okla., caused injuries to McCa Jane Maxey, plaintiff's intestate, from which injuries she died.

William B. Catto filed a separate verified answer, containing a general denial, and a specific denial that the defendant Pearl Brooks was acting in the course of her employment and performing any duty for him at the time of the collision causing the death of the decedent. He further alleged that she, Pearl Brooks, was driving her own automobile in a careful manner and that decedent was guilty of contributory negligence.

The defendant Pearl Brooks filed a separate verified answer, denying generally the allegations of plaintiff's petition, also denying that she was driving at a reckless, dangerous, and excessive rate of speed, and made the further plea of contributory negligence.

The trial resulted in a verdict for plaintiff in the sum of $5,000. Each filed a separate motion for a new trial. These motions were overruled, and defendants have appealed by filing herein a joint petition in error.

The defendants in support of their assignments of error argue and present nine propositions. When the first eight are condensed or epitomized, it leaves for determination the sole question whether Pearl Brooks, at the time and place alleged, was the agent or employee of Dr. Wm. B. Catto and acting within the scope of her employment. It is conceded she was employed by him at that time, but denied that she was acting within the scope of her employment at the time the decedent was killed.

Both questions were submitted to the jury by the trial court for determination.

We have examined the record closely. The evidence to support the finding that Pearl Brooks was acting within the scope of her employment, as alleged, is not strong. However, there is evidence that would warrant a jury in finding such to be a fact. It was a question for the jury to determine, and it did so.

We have read carefully the court's charge to the jury, and we feel that every right of the defendant Catto was safeguarded in so far as the above legal questions were involved.

When a jury has been properly charged as to the law, and the evidence reasonably tends to sustain the verdict of the jury, and a motion for a new trial has been denied, this court in a law action will not invade the province of the jury to weigh the evidence and disturb the verdict. Anderson v. Cardwell, 130 Okla. 92, 265 P. 627; Hobbs v. Smith, 27 Okla. 830, 115 P. 347.

The defendants also contend that the court erred in giving the following instruction:

"14. You are further instructed that this action is brought by Clyde Maxey as the administrator of the estate of McCa Jane Maxey, deceased, for the benefit of the heirs and next of kin of the said decedent, and if, under the instructions of the court, you find from a fair preponderance of the evidence in favor of the plaintiff and against the defendants, you will then determine the amount of the plaintiff's recovery in accordance with this instruction. The plaintiff may recover for the benefit of the heirs and next of kin such sum as will compensate such heirs and next of kin for the pecuniary loss, of any, by them sustained. The measure of damages is the pecuniary loss suffered by these children due to their being deprived of the care, protection and support of the deceased parent to be determined by the age, physical condition, occupation, earning capacity and habits of the deceased mother as shown by the testimony considered together with the use made of her income and earnings for the support of such children and the pecuniary value of the care and attention accorded her children and the probable duration of such benefits had she lived.

"In this connection, you are instructed that the measure of damages to the children for the wrongful death of the parent are compensatory only, but if you find from the evidence that the children or any of them in this case had been receiving pecuniary benefits from the parent and that there was a disposition on the part of the

parent to render such children appropriate care, support, and assistance, the amount of damages to be awarded by the jury, if warranted by the testimony, should be a sum equal to the amount of money that would compensate the children for the loss of the parent's care, services, and support.

"Mathematical accuracy in measuring the pecuniary loss of support is impractical. In a general way, the basis for the loss of pecuniary damages should be deduced from the character, habits, conditions, and business capacity of the deceased parent considered together with the age, sex, circumstances, and conditions of life of the surviving children.

"Using this instruction as your guide, you will determine what, if any, loss the children of the plaintiff's decedent have sustained by reason of her death and fix that amount as your verdict, in no event to exceed the amount sued for."

Under this charge, the adult children of the deceased could not recover unless they could show some pecuniary loss. The court's charge was in accord with Oklahoma cases on that question. The jury awarded plaintiff $5,000 damages, which, in our opinion, was not excessive for three orphan minor children.

The defendants also contend that the accident was unavoidable. This was also a question for the jury to determine. The jury was properly charged on that phase of the case, and also on the question of contributory negligence, and no exceptions were taken by the defendants to such instructions.

Finding no error, the judgment below against both defendants is affirmed.

The Supreme Court acknowledges the aid of Attorneys J. C. Cornett, Wm. S. Hamilton, and D. E. Johnson in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Cornett and approved by Mr. Hamilton and Mr. Johnson, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.