## BINDING-STEVENS SEED CO. et al. v. PETRIS.

No. 26786.    Feb. 23, 1937.

Rehearing Denied May 18, 1937.

Underwood, Canterbury, Pinson & Lupardus, for plaintiffs in error.

B. A. Hamilton and Butler & Brown, for defendant in error.

CORN, J. This is an appeal by the Binding-Stevens Seed Company, a corporation, and J. W. Binding, defendants in the trial court, from a judgment of the district court of Tulsa county in a personal injury action, wherein the jury returned a verdict in favor of Mrs. Zora Petris, plaintiff. The parties will hereafter be referred to as they appeared in the lower court.

Plaintiff, who was a seamstress, while proceeding to her work at the Tulsa Hotel on Sunday morning, March 11, 1934, driving a Ford coupe westward on Third street, was struck by defendant's automobile as she approached the intersection of Third street and Atlanta avenue. Third street, which carries the greater amount of traffic, is 35 feet in width, but spreads to a width of 50 feet on either side of the intersection, while Atlanta avenue has a constant width of 25 feet.

In regard to the accident, plaintiff's testimony, corroborated by other witnesses, is substantially as follows: That as she reached the center of the intersection she saw the Binding car going north, that defendant's car struck the left back fender of her car just west of the center of Atlanta avenue and north of center of Third street, and that the impact knocked her car across the parking on the sidewalk on the northwest corner of the intersection.

Witnesses for the defendant testified that the defendant's car was on the east side of the center of Atlanta avenue when the accident occurred. The relative locations of the cars and the question of negligence were questions of fact which were decided by the jury in favor of plaintiff.

In a civil action triable to a jury, the verdict of the jury is final and conclusive on disputed questions of fact, if there is any competent evidence reasonably tending to support the same. Inter-City Finance Corp. v. Hooker, 168 Okla. 170, 32 P. (2d) 277; Anderson v. Cardwell, 130 Okla. 92, 265 P. 627; Pyle v. Hood, 128 Okla. 239, 262 P.

660; Gallagher v. Holcomb, 172 Okla. 1, 44 P. (2d) 44.

We feel it would serve no useful purpose to engage in a lengthy discussion of the different contentions raised by defendants. We have made a thorough examination of the record in this case, and find that the cause was submitted to the jury under proper instructions by the court, and that there is ample evidence to sustain each and every essential element of said personal injury action.

Judgment of the trial court is affirmed.

Incorporated in the case-made is a certified copy of a supersedeas bond executed by defendants, superseding judgment pending this appeal. Upon request of plaintiff, judgment is hereby rendered against the sureties on said bond for the amount of the judgment, including interest and costs.

BAYLESS, V. C. J., and WELCH, PHELPS, and HURST, JJ., concur.