## TULSA INDUSTRIAL LOAN & INV. CO. v. DONALDSON.

No. 27339.    Sept. 21, 1937.

W. S. Meyer, for plaintiff in error.

John S. Robinson, for defendant in error.

CORN, J. This action was commenced in the common pleas court of Tulsa county by plaintiff in error, plaintiff below, against Nelson J. Moore and George S. Donaldson, as defendants, for the recovery of $1,116, with interest, upon a promissory note upon which the defendant Nelson J. Moore appeared as maker and George S. Donaldson et al. appeared as comakers. The defendant George S. Donaldson filed a separate answer denying specifically that he signed as an endorser any note in favor of the plaintiff in the amount of $1,116, which was the principal amount of the note, but alleges as a defense to plaintiff's petition that if he did execute or sign, as an endorser, 'any note in favor of plaintiff, it was for the sum of $250, and that the plaintiff altered and changed the amount thereof to the sum of $1,116 without the knowledge or consent of said defendant. The cause went to trial to 'a jury upon the issue raised by said answer and denied by the reply of the plaintiff that the note sued upon was thus altered by the plaintiff without the knowledge or consent of said defendant. The jury returned a verdict for said defendant and against the plaintiff, upon which the court rendered judgment. Herein the parties will be referred to in the order of their appearance in the trial court.

The plaintiff contends that the verdict is not supported by the evidence and is contrary thereto, and also complains that certain instructions of the court contain reversible error.

The defendant Donaldson testified, in substance, that a Mr. Dearhold asked him to sign the note for Nelson J. Moore, and that the instrument he signed was blank, except for the amount of $250 which was written in pencil in the blank space provided in form for the amount of the note to be written, and Mr. Dearhold testified that he delivered it to Mr. Dunn, manager of the finance company, in that condition. Mr. Dunn, who was not in the employ of the finance company at the time of the trial, was not called as a witness, and so far as the record shows the note was in that condition when delivered to the finance company. The inference of the testimony was that Mr. Dunn altered the amount of the note in order to loan Mr. Moore 'a larger amount of money on the endorsement of Mr. Donaldson and others. The company introduced in evidence canceled checks showing disbursement of the loan for the larger amount, less certain deductions for inspection charges and the payment of the interest in advance.

The plaintiff contends that the court erred in instructing the jury that:

"Where there is testimony tending to show that a material alteration was made in a promissory note, without the consent of the maker, it is then presumed that the alteration was made by the party producing it and offering it in evidence, and the burden would then shift to the party producing the note to show that the material alteration, if any, was made by some one other than itself or its agent or employee."

The plaintiff, in support of such contention, cites Richardson v. Fellner, 9 Okla., 513, 60 P. 270; Cavitt v. Robertson, 42 Okla. 619, 142 P. 299; Campbell v. Vance, 118 Okla. 283, 248 P. 634; and Terrell v. State ex rel., 134 Okla. 195, 272 P. 821, holding:

"Where the execution of a written instrument is denied under oath, and at the trial the genuineness of the signature to the instrument is admitted, but it is claimed that a material change has been made in the instrument after the same was signed by the party sought to be charged, and before its delivery, the presumption 'will be entertained' that all changes and interlineations were made prior to the signing thereof by or with the consent of the parties, and the burden will be on the one alleging such change to show that such change was made after the instrument was signed by him, or without his consent."

While the above cases state the correct rule 'as to who must carry the burden of proving that the alterations were made after the instrument was signed and without the consent of the signer, yet, in view of the testimony of the defendant and Mr. Dearhold that the alleged alteration was made after the note was delivered to Mr. Dunn, manager of the company, the burden would shift to the plaintiff to refute such testimony, and this the plaintiff failed to do. Unquestionably, the evidence of the defendant that the alteration was made after the note was delivered to the plaintiff was of sufficient weight to warrant the court's instruction upon that issue.

It is a well-settled rule that where there is any evidence reasonably tending to support the verdict of the jury, the Supreme Court will not disturb the same on appeal.

The judgment of the trial court is affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and WELCH and HURST, JJ., concur.