## SNOWDEN et al. v. MATTHEWS et al.
### No. 3413.

Circuit Court of Appeals, Tenth Circuit.
March 10, 1947.

Mart Brown, of Oklahoma City, Okl. (Monnet, Hayes & Brown, of Oklahoma City, Okl., on the brief), for appellants.

D. W. Meacham, of Clinton, Okl. (G. A. Meacham, E. J. Meacham, and A. H. Meacham, all of Clinton, Okl., on the brief), for appellees.

Before PHILLIPS, HUXMAN, and MURRAH, Circuit Judges.

PHILLIPS, Circuit Judge.

James S. Matthews[1] died from injuries resulting from a collision between his automobile and a Chevrolet pickup truck driven by Snowden. Maudie May Matthews, surviving widow, and Gerald K. and Norma J. Matthews, surviving minor children of Matthews, brought this action against Snowden and Luten[2] to recover damages for the wrongful death of Matthews. Trial by jury was waived and the trial court awarded a judgment for $15,000, from which Snowden and Luten have appealed. The collision occurred on September 12, 1945, at approximately 7:30 a. m., at the intersection of two country roads, about four miles north of Indianapolis, Oklahoma. Matthews was traveling westerly in his automobile on one of such roads, and

[1] Hereinafter referred to as Matthews.

[2] Luten owned the truck. Snowden was Luten's employee.

Snowden was traveling northerly in the truck on the other of such roads. The front end of the truck struck Matthews' car near the left rear wheel. At the point of the collision, the truck was approximately two feet west of the center of the intersection. The evidence indicated that the truck was traveling at the greater rate of speed and, therefore, must have entered the intersection after the Matthews car entered the intersection. The view of the intersection was unobstructed from the south for 250 yards. Snowden and Coburn, a passenger in the truck, testified that they did not see the Matthews car until they were a few feet distant from it, and that Snowden then applied his brakes but was unable to stop in time to avoid the collision. They further testified that Matthews gave no indication that he had observed the approaching truck.

Matthews was 64 years of age; he had a life expectancy of 11.67 years; and from wages as a farm laborer and from chickens and cows which he raised, he had an income of approximately $2,400 per year. The trial court first found the damages to be $28,008. It later reduced the amount, first, to $20,000, and finally to $15,000.

 Counsel for Snowden and Luten assert that Matthews was guilty of contributory negligence as a matter of law. The evidence warrants the conclusion that Matthews entered the intersection first and that he was traveling at a reasonable rate of speed. Under the laws of Oklahoma, he had the right-of-way (see 69 O.S. 1941 § 583); and he had the right to assume that Snowden, the driver of the truck, would accord him the right-of-way and would drive on the right side of the road.[3] It cannot be presumed that Matthews did not keep a lookout to the south, because the only testimony on that point relates solely to a time momentarily before the collision. The most that can be attributed to Matthews was that he misjudged the speed of the Snowden truck. We are of the opinion there is no basis for holding Matthews guilty of contributory negligence as a matter of law.[4]

Finally, we do not think we are warranted in reducing the amount of the judgment on the ground that the award was excessive. It is not enough for us to say that on the facts we would have awarded a smaller amount of damages. It cannot be said that the award is not supported by the evidence, or that it is so excessive as to shock the conscience and to raise an irresistible inference that it was the result of passion, prejudice, corruption, or other improper cause.[5]

The judgment is affirmed.

[3] Oklahoma Natural Gas Co. v. McKee, 10 Cir., 121 F.2d 583; Skaggs v. Gypsy Oil Co., 169 Okl. 209, 36 P.2d 865; Stroud v. Tompkins, 193 Okl. 483, 145 P.2d 396.

[4] Snipes v. Southern R. Co., 4 Cir., 166 F. 1, 5; Nielsen v. Richman, 8 Cir., 114 F.2d 343, 345; Binding-Stevens Seed Co. v. Petris, 180 Okl. 95, 67 P.2d 956; Ellis v. Union Pacific R. R. Co., 67 S.Ct. 598.

[5] Hale-Halsell Co. v. Webb, 184 Okl. 589, 89 P.2d 273, 274; Ponca City v. Swayne, 174 Okl. 576, 50 P.2d 1082, 1085; Beatrice Creamery Co. v. Bagley, 173 Okl. 888, 47 P.2d 87, 88; Oklahoma Gas & Electric Co. v. Oliphant, 172 Okl. 635, 45 P.2d 1077, 1083; United Transports, Inc., v. Jett, 193 Okl. 399, 144 P.2d 110, 111.