**Joe ELAM, Appellant,**

v.

**The TOWN OF LUTHER, Appellee.**

**No. 70573.**

Court of Appeals of Oklahoma, Division No. 3.

Feb. 6, 1990.

Robert A. Manchester, III, Oklahoma City, for appellant.

James E. Briscoe, Luther, for appellee.

## MEMORANDUM OPINION

BAILEY, Judge:

Appellant seeks review of the Trial Court's order granting judgment to Appellee in Appellant's action to recover unpaid sums for professional services rendered. The matter is submitted on narrative statement submitted and approved under Rule 1.22, Rules of Appellate Procedure, 12 O.S. Supp.1984, Ch. 15, App. 2, and the record contains non of the exhibits introduced at trial.

The narrative indicates that the then-Police Chief of the Town of Luther, Oklahoma referred one of his officers to Appellant, a licensed psychologist, specializing in law enforcement-related counseling, for treatment of job-related stress. Appellant rendered a six-month course of treatment, at many sessions, the subject police officer appearing in uniform, and apparently during his regular hours of duty.

Appellant then submitted his claim for services rendered to Appellee Town. The Board of Trustees refused the claim, as the Town had not, previous to the treatment, received a formal request from the Police Chief for such action. The Mayor apparently felt the claim should be covered by the Town's worker's compensation insurance.

Appellant then brought the instant action for recovery of $1,140.00 for the psychological services rendered the officer. The Trial Court found for Appellee.

In this appellate proceeding, Appellant asserts the Trial Court erred in granting judgment for Appellee, as (1) the police chief acted within the scope of his authority by referring the subject officer for psychological treatment, (2) the police chief, acting within the scope of his authority, was not required to obtain prior approval from the Town Board of Trustees to incur

this indebtedness for the psychological treatment of one of his officers, (3) the police chief had *apparent* authority to refer the officer for treatment and thereby bind Town for payment therefor, and (4) the police chief had *implied* authority to refer the officer. Appellee Town responds, asserts that the police chief had only such powers as are conferred by statute and that those powers did not include binding Town for payment for the psychological treatment of one of the Town's police officers without the express authority granted by Town.

 "[N]o agent can bind [a municipal board] *unless he acts within the scope of [the agent's] employment."* In re Langley, 325 P.2d 1094, 1100 (Okl.1958). One acts within the scope of the employment if engaged in work assigned, or if doing that which is proper, necessary, and usual to accomplish the work assigned, or doing that which is customary within the particular trade or business. See, e.g., *Roring v. Hoggard,* 326 P.2d 812 (Okl.1958); *Brayton v. Carter,* 196 Okl. 125, 163 P.2d 960 (1945); *Retail Merchants Assoc. v. Peterman,* 186 Okl. 560, 99 P.2d 130 (1940). Stated another way, an agent acts within the scope of his authority, as determined by the facts and circumstances of each case, if engaged in the transaction of business assigned, or if doing that which may reasonably be said to have been contemplated as a part of his duties. See also, *Williams v. LeForce,* 177 Okl. 638, 61 P.2d 714 (1936). In addition to express authority granted by the principal, an agent has such implied authority to perform such acts as are incidental to, or reasonably necessary to accomplish the intended result. *Ivey v. Wood,* 387 P.2d 621 (Okl.1963); *Elliott v. Mut. Life Ins. Co. of N.Y.,* 185 Okl. 289, 91 P.2d 746 (1939); *R.V. Smith Sup. Co. v. Stephens,* 169 Okl. 555, 37 P.2d 926 (1934); *Berryhill v. Ellett,* 64 F.2d 253 (10th Cir.1933); *Am. Nat. Bank of Sapulpa v. Bartlett,* 40 F.2d 21 (10th Cir.1930). In the instant case, the Police Chief, as department head, had specific statutory au-

thority to incur indebtedness against the appropriations for his department. 62 O.S. 1981 § 310.2.

 Under this authority, we find, from the record, that the Police Chief had express, implied and/or apparent authority, in the interests of his officer, the Police Department and the Town of Luther, and in furtherance of his duties and as a reasonable incident thereto, to refer one of his officers to psychological treatment and to bind Appellee for payment therefor. Appellant had a right to rely on the Chief's express, apparent and/or implied authority to so act, and we find the Trial Court's judgment to the contrary erroneous.

The Trial Court's order granting judgment to Appellee is therefore REVERSED, and the cause REMANDED for further proceedings not inconsistent herewith.

GARRETT, J., concurs.

HANSEN, P.J., dissents with separate opinion.

HANSEN, Presiding Judge, dissenting:

I respectfully dissent. The majority opinion states the Chief had specific statutory authority under 62 O.S.1981 § 310.2 to incur indebtedness against the appropriations for his department. Section 310.2 provides in part:

> ... Each county or municipal officer in charge of a department or appropriation account shall be allowed to incur indebtedness against all appropriations within his department under the regulations as provided for herein, except when otherwise provided by law; *and provided further that only those municipal officers and employees designated by the governing board shall have authority to obligate the municipality.* (Emphasis supplied.)

This statute plainly states a municipal officer must be designated by the governing board to have authority to obligate the

municipality. Yet, Appellant has provided us with no information that Appellee authorized the Chief to obligate the municipality. We need inquire no further than the language of the statute. When the intent of the Legislature is plainly expressed in the statute, it must be followed without further inquiry. *Kasishke's Estate v. Oklahoma Tax Commission,* 541 P.2d 848 (Okl. 1975).

Moreover, the rules of law cited by the majority in *Roring v. Hoggard, supra,* and *Williams v. LeForce, supra,* are inapposite to the facts in the instant case. The facts in the former opinion deal with tortious acts directed toward a third party by the agent of a principal. Likewise, the facts in *Williams,* dealing with the recovery of a debt and foreclosure of a mortgage, involved whether an agent has implied power to delegate his authority to a subagent. The subagency question is not at issue herein.

Inasmuch as no express authority exists authorizing Chief to incur indebtedness against appropriations for his department,[1] it follows that no implied authority exists therefor. An agent's authority will be implied when necessary to carry out a purpose *expressly* delegated to him. *Ivey v. Wood,* 387 P.2d 621 (Okl.1963).

Moreover, although the majority insists Chief also had apparent authority, Appellant failed to preserve the issue of apparent authority for appellate review.

Accordingly, the Chief had no authority, actual, implied, or otherwise, to obligate the Appellee by hiring Appellant for counseling services rendered to Officer Dotson.

---

**1.** The Chief's expressly delegated duties are set forth in 11 O.S.1981 § 21–111.